DANVERS SAVINGS BANK *vs.* EDWARD THOMPSON & another.

Suffolk.    March 16. — 17, 1881.    COLT, LORD & SOULE, JJ., absent.

A., a citizen of this Commonwealth, brought a bill in equity against B., a citizen of another State, and C., a citizen of this Commonwealth, to foreclose all right of redemption in certain certificates pledged by B. to a corporation to secure the payment of his bond, assigned by the corporation to D., who pledged them to A. as collateral security for the payment of his note; and D.'s right to redeem the certificates from the pledge was afterwards acquired by C. *Held*, that B. could not remove the case into the Circuit Court of the United States, under the act of Congress of March 3, 1875.

BILL IN EQUITY, filed September 14, 1880, by a corporation doing business in Danvers in this Commonwealth, against Edward Thompson of Charlestown in the State of New Hampshire, and Edward Tufts of Boston in this Commonwealth. The material allegations of the bill appear in the opinion.

On November 8, 1880, the defendant Thompson filed a petition for the removal of the case into the Circuit Court of the United States, alleging that the matter in dispute, exclusive of costs, exceeded the sum of $500; that the controversy was between citizens of different States; that the plaintiff was a citizen of this Commonwealth; that the petitioner was a citizen of New Hampshire; that the whole substantial controversy was between the plaintiff and the petitioner; that the interest of the petitioner was entirely separate and distinct from the interest of the defendant Tufts; and that the controversy between the plaintiff and the petitioner was entirely separate and distinct from any controversy between the plaintiff and Tufts.

A bond, in the form prescribed by law, was filed with the petition.

Hearing before *Soule*, J., who ruled that the petitioner was not entitled to remove the case; and, at the request of the defendant Thompson, reported the case for the consideration of the full court, according to whose opinion the petition was to be allowed or dismissed.

*J. Fox*, for the defendant Thompson.

*E. W. Hutchins*, (*J. H. Young* with him,) for the plaintiff, was not called upon.

GRAY, C. J.   This bill is brought against Thompson and Tufts to foreclose all right of redemption in certain certificates originally and now owned by Thompson, pledged by him to the Boston Water Power Company to secure the payment of his bond for $80,500, assigned by that company to Matthews, and by Matthews pledged to the plaintiff corporation as collateral security for the payment of his note for $50,000; and Tufts has acquired the right of Matthews to redeem these certificates from the pledge made by the latter to the plaintiff.

The case cannot be determined as between the plaintiff and Thompson without inquiring how much is due to the plaintiff upon the debt to secure which the pledge to the plaintiff was made; and to that inquiry Tufts, having acquired the right of Matthews, and being entitled to the property on paying the sum so due, is a necessary party.   The case stands just as if Thompson had pledged the certificates to Tufts, and Tufts had pledged them to the plaintiff.   The pledgee of a pledgee cannot maintain a bill of foreclosure against the original pledgor without making his own immediate pledgor a party to the bill.   *Hobart* v. *Abbot*, 2 P. Wms. 643.   *Johnson* v. *Hart*, 3 Johns. Cas. 322. *Kittle* v. *Van Dyck*, 1 Sandf. Ch. 76.

As the plaintiff and Tufts are both citizens of Massachusetts, and the controversy between the plaintiff and Thompson cannot be fully or finally determined as between them without the presence of Tufts, Thompson has no right to remove the case into the Circuit Court of the United States under the act of Congress of March 3, 1875.   *Merchants' Bank* v. *Thompson*, 4 Fed. Rep. 876.   *Broadway Bank* v. *Adams, ante*, 431.

*Petition for removal denied.*