## DANVERS SAVINGS BANK *vs.* EDWARD THOMPSON & another.

Suffolk.   March 20, 21. — June 29, 1882.   ENDICOTT & LORD, JJ., absent.

A., a citizen of this Commonwealth, brought a bill in equity against B., a citizen of another State, and C., a citizen of this Commonwealth. B. filed a petition for the removal of the case into the Circuit Court of the United States, under the act of Congress of March 3, 1875, which was denied, on the ground that, as A. and C. were both citizens of this Commonwealth, and as the controversy between A. and B. could not be fully and finally determined as between them without the presence of C., B. had no right to remove the case. B. then filed an application for a rehearing upon his petition for removal, alleging that, after the filing and service of the bill, and before the filing of the petition for removal, C. wholly released all his interest in the subject matter of the controversy to A., and ever since such release A. and B. had been the only parties interested in the cause; and that B. had no information or suspicion that the release had been executed before the decision denying the petition for removal,

and A., although cognizant thereof, did not disclose the fact to B. or to the court. A. admitted that the facts alleged in the application for a rehearing were true. *Held*, that the former rescript and order should be vacated; and that the petition for removal should be allowed.

MORTON, C. J.    When this case was before us at a former term, it was made to appear that Tufts was a real defendant in the action; and it was held that, as the plaintiff and Tufts were both citizens of Massachusetts, and as the controversy between the plaintiff and Thompson could not be fully and finally determined, as between them, without the presence of Tufts, Thompson had no right to remove the case into the Circuit Court of the United States under the act of Congress of March 3, 1875. *Danvers Savings Bank* v. *Thompson*, 130 Mass. 490.

Since then, the defendant Thompson has filed an application for a rehearing upon his petition for removal, and in his application alleges that, after the filing and service of the bill, and before the filing of said petition for removal, the defendant Tufts wholly released all his interest in the certificates in controversy and in the subject matter of this suit to the plaintiff, and ever since said release the plaintiff and this defendant have been the only parties interested in this cause; and that this defendant had no information or suspicion that the release had been executed, before the decision denying the petition for removal, and the plaintiff, though fully cognizant thereof, did not disclose the fact to this defendant or to the court.

The application was presented to a single justice, and, the plaintiff admitting that the facts therein alleged were true, the justice reported the questions arising thereon to the full court. Strictly speaking, the application should have been made directly to the full court, the final order denying the petition for removal being an order of the full court, which a single justice could not vacate or set aside.    But this is mere matter of form, and we treat the application reported to us by the justice as if it had been a petition made directly to the full court to rehear the case and vacate its rescript.

Taking the original petition and this application for a rehearing, which is to be regarded as practically an amendment of it, with the admissions of the plaintiff, the record shows that at the time Thompson filed his petition for removal he was the

only real defendant, and that the only controversy in the case was between him and the plaintiff. In determining whether a party has the right of removal, the court looks to the real controversy at the time of the petition for removal, and not to the mere form of the pleadings. If the record, of which the petition is a part, shows that all the parties on one side of the controversy are citizens of one State, and all the parties on the other side are citizens of a different State, the suit may be removed. *Amory* v. *Amory*, 95 U. S. 186. *Removal cases*, 100 U. S. 457. *Barney* v. *Latham*, 103 U. S. 205.

The defendant Thompson filed his petition for removal in due time. At the time it was filed, he was entitled, upon the real facts of the case, to invoke the jurisdiction of the federal courts, he and the plaintiff being citizens of different States. The concealment by the plaintiff of a vital fact ought not to prejudice the defendant. It was a fraud upon him and upon the court.

We are of opinion that, upon the discovery of the real facts, the defendant became entitled to a rehearing upon his petition for removal; and that the former rescript and order should be vacated and set aside.

The parties have argued, not only the question whether the application for a rehearing should be entertained, but also the question whether, if it is received, the record shows a case which entitles the defendant to remove the case to the Circuit Court. Being of opinion, as before stated, that the record does now show a case for removal, the entry should be

*Petition for removal granted.*

*R. M. Morse, Jr.*, for the defendant Thompson.

*A. S. Wheeler & E. W. Hutchins*, for the plaintiff.