MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *vs.* GEORGE ALLEN & another.

Suffolk.   Nov. 24, 1882. — March 2, 1883.   DEVENS & HOLMES, JJ., absent.

A bill of interpleader, brought by a citizen of another State against two citizens of this State, cannot be removed, on the petition of one of the defendants, to the Circuit Court of the United States, under the U. S. St. of March 3, 1875, § 2.

FIELD, J.   This is a bill of interpleader, brought by a corporation organized under the laws of the State of New York, against two citizens of Massachusetts. Catherine Fellows, one of the defendants, petitions this court for a removal of the cause to the Circuit Court of the United States. She contends that she has a controversy with the plaintiff, which is whether the plaintiff can maintain its bill and compel her to interplead with the other defendant. If the defendants are compelled to interplead, the controversy then becomes one wholly between citizens of Massachusetts.

To maintain a petition under the first clause of the U. S. St. of March 3, 1875, § 2, it is necessary that all the persons on the same side of the dispute should join in the petition for the removal, and that there should not be any person on one side of the dispute who is a citizen of the same State as any person on the other side. If the controversy in this cause be regarded as between the two defendants on the one side and the plaintiff on the other, the petition cannot be maintained, because the defendant Allen has not joined in it. If the controversy be regarded as between the two defendants, it is a controversy between two citizens of the same State. If the controversy be

regarded as between the defendant Fellows on the one side, and the plaintiff and the defendant Allen on the other, Allen is a citizen of the same State as Fellows. Allen cannot be rejected as an unnecessary or nominal party. The petition cannot therefore be maintained under the first clause of this section. *Blake* v. *McKim*, 103 U. S. 336. *Removal cases*, 100 U. S. 457, 469. *Smith* v. *Rines*, 2 Sumner, 338. *Beardsley* v. *Torrey*, 4 Wash. C. C. 286. *Bryant* v. *Rich*, 106 Mass. 180, 191.

To maintain a petition under the second clause of this section by one of two defendants against the plaintiff, it is necessary that the petitioner and the plaintiff should be citizens of different States, and that there should be a controversy between them which is so far distinct from the controversy between the plaintiff and the other defendant that it can be separately determined. *Corbin* v. *Van Brunt*, 105 U. S. 576. *Danvers Savings Bank* v. *Thompson*, 130 Mass. 490, and 133 Mass. 182. That clause contemplates that the suit is of such a nature that it can be divided into two parts, and that one part may be removed to the Circuit Court of the United States and be fully determined in that court, and that the other part may remain in the State court and be fully determined there. This suit is of such a nature that a separation of it into two parts necessarily destroys it. The plaintiff cannot maintain a bill of interpleader against one defendant in either court. Whether one citizen of Massachusetts shall be compelled to interplead with another citizen of that State, is a controversy which cannot be maintained as to one of the defendants without determining it as to the other. The petition to remove the cause is                    *Denied.*

*W. F. Slocum & W. S. Slocum*, for the petitioner.

*J. F. Colby & J. Wales, contra.*