MEHETABEL C. BAXTER vs. THOMAS E. PROCTOR.

Suffolk. Jan. 26, 27. — March 25, 1885. DEVENS, W. ALLEN, & COLBURN, JJ., absent.

One of several *cestuis que trust*, a citizen of another State, filed a bill in equity in this court to have the trustee removed and a new trustee appointed. The defendant, a citizen of this State, filed a petition under the U. S. St. of March 3, 1875, § 2, for the removal of the cause to a Circuit Court of the United States. *Held*, that the court would not determine the questions arising on the petition until opportunity was given to make the other *cestuis que trust* parties.

BILL IN EQUITY, filed April 12, 1884, by one of several *cestuis que trust*, to have the defendant, who was one of several trustees under a deed of trust, removed from the office of trustee, and to have a suitable person appointed in his place.

The defendant filed a petition, alleging that he was a citizen of the State of Massachusetts, and the plaintiff a citizen of the State of Maine; and that the matter in dispute exceeded, exclusive of costs, the sum or value of five hundred dollars; and prayed for the removal of the case to the Circuit Court of the United States.

Hearing before *Colburn*, J., who reported the case in substance as follows, and reserved it for the consideration of the full court:

The requisite bond, with good and sufficient surety, was made and filed with the petition for removal, and it was admitted that the parties at the time of filing the bill were, and still are, citizens of different States. The plaintiff opposed the defendant's petition, on the ground that the action was not removable under the statutes. The defendant offered two affidavits, in support of the averment that the amount in controversy, exclusive of costs, exceeded the sum or value of five hundred dollars; and no counter evidence was offered or objection made to the admissibility of the affidavits, if it was competent in this case to prove by any testimony the facts so sought to be proved.

*E. R. Hoar & J. D. Ball*, for the defendant.

*R. M. Morse, Jr.*, for the plaintiff.

FIELD, J. The defendant contends that this is a suit of a civil nature in equity where the matter in dispute exceeds,

exclusive of costs, the sum or value of five hundred dollars, and is a controversy between citizens of different States, and is therefore removable under the U. S. St. of March 3, 1875, § 2.

Under this statute it has been held that, in order to remove the whole case, all of the parties on one side of the controversy, whatever may be their formal position in the suit, must join in the petition for removal, and that the petition cannot be granted if any one of these parties is a citizen of the same State as any one of the parties on the other side; but if the case can be separated into distinct controversies, that then the parties actually interested in any one controversy, if citizens of different States, are entitled to have that part of the case removed. *Blake* v. *McKim*, 103 U. S. 336. *Mutual Ins. Co.* v. *Allen*, 134 Mass. 389.

In the case at bar, the principal controversy is whether the defendant shall be removed from the trust; if he is removed, there is a prayer that another person may be appointed trustee in his place. All the beneficiaries under the trust are in fact interested in this controversy; whether the defendant shall be removed or not, equally concerns them all. There is no controversy in the case in which the plaintiff has an interest separate and distinct from that of the other beneficiaries. To the bill as it stands, the only actual parties are the plaintiff and the defendant, and they are citizens of different States. It is, however, an important question of practice, whether, if there are other persons who are necessary parties to the suit, without whom or notice to whom a decree could not properly be made, the court of its own motion will not insist either that the necessary parties be brought before it, or that the bill be dismissed. If this is regarded as an application under the general equity powers of the court, the court might, on proper allegations, if it decided to remove the defendant as trustee, not only order him to convey his legal interest in the trust property to the other trustees, but also order him to account. See *McPherson* v. *Cox*, 96 U. S. 404. In this the other beneficiaries are interested equally with the plaintiff. It appears by the bill and the deed of trust that many persons other than the plaintiff were *cestuis que trust*, and there is no allegation that they have deceased, or that their interest in the trust has ceased, and it abundantly appears that

the beneficial interest of the plaintiff is in but a part of the trust fund. Under these circumstances, we think that the living beneficiaries, if within the reach of process, should be made parties to the bill, and that, if they are not within the reach of process, notice should be given them.

It cannot be determined whether this is a controversy wholly between citizens of different States until all necessary parties have been brought before the court, or have had notice, that they may appear in the case if they desire to appear. They ought also to have an opportunity to be heard upon the principal question which has been argued, which is whether this is a suit in equity " where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars," within the meaning of the statute of the United States which has been cited.

The reservation should therefore be discharged, and the cause stand in the court sitting for the county, that the plaintiff may make application for leave to bring in additional parties, if she shall be so advised. When the time has expired for bringing in new parties, or if no application is made for that purpose, the defendant can then press his petition for removal, or take any other action open to him. See *Gordon* v. *Green*, 113 Mass. 259 ; *Danvers Savings Bank* v. *Thompson*, 133 Mass. 182. *So ordered.*