## REUBEN N. DAY *v.* BEATRICE F. OATIS ET AL.

1. FEDERAL COURTS. *Removal of causes. Actions removable. Cancelling clouds on title.*

    A suit to remove clouds from title to land is not within the exclusive jurisdiction of the state court, and may be removed, the citizenship of the parties justifying it, into the federal court.

2. SAME. *Petition for removal. Demurrer.*

    Where the complainant demurred to the defendant's petition to remove the cause to the federal court, he thereby admitted the truth of the petition, and cannot upon appeal justify a judgment denying the removal by reference to the evidence.

3. SAME. *Diverse citizenship.*

    The diverse citizenship which must exist both at the time an action is begun in the state court and at the time a petition for removal is filed, in order to entitle the petitioner to have the cause removed, is a diversity of citizenship existent in fact, and not one merely shown to exist from the pleadings.

4. SAME. *Disclaimer of interest by resident.*

　　Where a suit to remove a cloud from complainant's title is brought against a resident and a non-resident, and the resident disclaims interest, thereby retiring from the suit, the non-resident may procure the removal of the cause to the federal court.

FROM the chancery court of Scott county.

HON. JAMES L. McCASKILLS, Chancellor.

Mrs. Oatis and others, all citizens of Mississippi, appellees, were complainants in the court below. The suit was one to remove clouds from title to land. Day, appellant, a citizen of the state of Minnesota, and a corporation of Mississippi, the Kreutzer-Winton Company, which disclaimed any interest in the land sued for, were defendants. From an order refusing to transfer the cause to the federal court, on petition of defendant Day, he appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Green & Green,* for appellant.

It was error to refuse to grant the petition of R. N. Day to remove the cause to the federal court and to sustain the demurrer of complainants thereto, after the Kreutzer-Winton Company had disclaimed.

It is manifest that the right of removal existed on two several and independent grounds: First, because there was but a single defendant, and he was a non-resident and entitled to remove if the suit had been against him alone, and it became such when the disclaimer was filed; and second, because independently of this the cause was a separable controversy as to Day, complete relief could be granted to the complainants as against him without the presence of any other defendants and entirely independent of any of their rights.

As said in 1 Desty's Fed. Proc. (9th ed.), 473: "If a bill to quiet title is filed against several persons as tenants in common, one of them may remove it." *Field* v. *Lownsdale,* Deady, 288.

The contention that the federal court would be without jurisdiction surely cannot be meant seriously, as this is a plain equity suit for the cancellation of clouds upon title, and the federal courts are just as competent to act in the premises as the state courts, and can grant exactly the same relief as would be given in the local tribunals. It is the boast of the federal courts that a citizen never loses a single right by invoking their jurisdiction and that they will always administer the same measure of right as the local courts.

Under the universal rule where a new equitable remedy is given by state statutes or an equitable right previously existing is so enlarged, the federal court will assume to enforce the same to the same extent and in the same manner as the state courts, subject only to the limitation that the rights granted by the seventh amendment are not infringed, whereby a jury trial is granted to defendants under certain circumstances. In the case at bar the lands are timber lands, and there is no averment in the pleadings, in the bill, whereby it is shown that this defendant is now, or ever has been, in possession; and presuming all things against the pleader, we are at liberty to assume, and do so for the purpose of argument, that said lands are new, wild and uncultivated, and are in actual possession of no one, so that an action of ejectment could not be maintained.

On this proposition *Pine Land Co.* v. *Hall*, 105 Fed. C. C. A., 5th (1900), 88, before Pardee, McCormick, and Shelby, circuit judges, this precise section of our code and the remedy thereby enlarged came under review in our federal circuit court of appeals, and there Justice Shelby said: "The first question raised is as to the jurisdiction of the circuit court. The original bill was filed in the chancery court of Pearl River county, Mississippi. The plaintiff was a Mississippi corporation, and the defendant a citizen of Michigan. The value of the land exceeded $2,000. On petition of the defendant the case was duly removed from the state court to the circuit court of the United States for the southern district of Mississippi. The

plaintiff moved to remand the case to the state court because the circuit court has no jurisdiction in the premises, there being no ground of equity jurisdiction stated upon the face of the bill of complaint, save under a statute of the state of Mississippi, which cannot enlarge the equity powers of the circuit courts.

"The seventh amendment to the constitution of the United States declares that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.

"This amendment is a limitation on the equity jurisdiction of federal courts. If the legislature of the state, providing for the trial of common-law cases in equity, was binding on federal equity courts, this amendment of the constitution could be made useless. Such state statutes do not control the federal courts. A state statute, therefore, which confers jurisdiction of common-law cases on state equity courts, thus dispensing with trial by jury, will not be admitted in federal courts of equity." *Scott* v. *Neely,* 140 U. S., 106 *Cates* v. *Allen,* 149 U. S., 451.

It is well settled, however, that an enlargement of equitable rights may be administered as well by the United States courts as by the state courts. *Clark* v. *Smith,* 13 Pet., 195; *Broderick's Will,* 21 Wall., 503, 520; *Greely* v. *Lowe,* 155 U. S., 5875; *Smyth* v. *Ames,* 169 U. S., 466.

The result of the decision of the supreme court is that a state statute which enlarges equitable rights will be enforced and administered in the United States courts in all cases where its enforcement and administration do not conflict with the rights of the parties to a jury trial. *Hipp* v. *Babin,* 19 How., 271; *Thompson* v. *Railway Co.,* 6 Wall., 134; *Insurance Co.* v. *Bailey,* 13 Wall., 616; *Grand Chute* v. *Winegar,* 15 Wall., 373; *Buzzard* v. *Huston,* 119 U. S., 347; *Harding* v. *Guice,* 80 Fed., 162; *Green* v. *Turney,* 98 Fed., 756.

To review and quote from these cases would serve no useful

purpose. That work has already been done by Judge Taft, speaking for the United States circuit court of appeals for the sixth circuit in *Grether* v. *Wright,* 75 Fed., 742. We will, however, quote the following from an opinion of the supreme court delivered by Justice Brown: "This court has held in a multitude of cases that where the law of a particular state gave a remedy in equity, as, for instance, a bill by a party in or out of possession to quiet title to lands, such remedy would be enforced in the federal courts, if it did not infringe upon the constitutional rights of the parties to a trial by jury." *Greely* v. *Lowe,* 155 U. S., 75; *Brinkerhoff* v. *Broomfield,* 94 Fed., 426; *Bank* v. *Hubbard,* 105 Fed. C. J. R., 1900, 814; *Grether* v. *Wright,* 75 Fed. C. C. A., 6th, 1897, 746.

As said by Mr. Justice Swayne in *Ex parte McNeil,* 13 Wall., 243: "This principle may be laid down as axiomatic in our national jurisprudence. A party forfeits nothing by going into a federal tribunal. Jurisdiction having attached, his case is tried there upon the same principles, and its determination is governed by the same consideration, as if it had been brought in the proper state tribunal of the same locality. *Robinson* v. *Campbell,* 3 Wheat., 223; *United States* v. *Knight,* 14 Pet., 315; *Steamboat Orleans* v. *Phoebus,* 11 In., 184; *Thompson* v. *Phillips,* 1 Baldwin, 272; *Lorman* v. *Clark,* 2 McLean, 568; *Ex parte Biddle,* 2 Mason, 472; *Johnson* v. *Vandyke,* 6 McLean, 423; *Prescott* v. *Hevers,* 4 Mason (s.c., Rose's Notes on U. S. Rep., 674).

As said in *Davis* v. *Gray,* 16 Wall., 221: "A party by going into a national court does not lose any right of appropriate remedy of which he might have availed himself in the state courts of the same locality. The wise policy of the constitution gives him a choice of tribunal. In the former he may hope to escape the local influences which sometimes disturb the even flow of justice. And in the regular course of procedure, if the amount involved be large enough, he may have

access to this tribunal as the final arbiter of his rights." s.c., 7 Rose's Notes on U. S. Rep., 689.

And as said by Mr. Justice Bradley, in Broderick's Will, 21 Wall., 520: "Whilst it is true that alterations in the equitable jurisdiction of the circuit courts of the United States as long as the equitable rights themselves remain, yet an enlargement of equitable rights may be administered by the circuit courts as well as by the courts of the state."

Wherefore it is perfectly manifest that the federal court would have jurisdiction and that the state court's jurisdiction was not exclusive, and as there was but one defendant and there being no amendment making the owners of the other one-half interest parties to the suit, we cannot understand why the petition to remove to the federal court should not have been granted both on the ground of a single non-resident defendant and on further ground that this controversy was severable, and respectfully submit, therefore, that the chancery court erred in taking jurisdiction and that the decree should be reversed and the cause remanded, with instructions to remand the same to the circuit court of the United States for the southern district of Mississippi, or if the chancery court rightly maintains jurisdiction, then the decree should be reversed and the bill dismissed.

*Amis & Dunn,* for appellees.

Should the cause have been removed to the federal court on the application of R. N. Day? We answer no. In our opinion the action of the court in dismissing the petition for removal was correct. If the cause was not properly a removable one, then it follows that to remove it would have been error and would not have given the federal court any jurisdiction of the cause. The federal circuit courts are courts of limited jurisdiction, and unless a cause falls within the limitations prescribed by the federal statute touching removal of causes, then the federal court has no jurisdiction, and an erroneous removal

of the cause would not confer jurisdiction. Hence the acts of the federal court would be *coram non judice*. *Scott* v. *Neely,* 140 U. S., 106; *Thayer* v. *Life Ass'n,* 112 U. S., 719; *Burnham* v. *Bank,* 53 Fed., 167. Our contention, therefore, is that this is not a removable cause, and for that reason the federal court is without jurisdiction and the chancery court of Scott county is the only court having jurisdiction of the cause.

In order to authorize the removal of a cause on the ground of diverse citizenship, it has been uniformly held under every act of congress that every necessary party upon one side of the controversy must be a citizen of a different state from every necessary party upon the other. *Gage* v. *Corraher,* 154 U. S., 656; *Wilson* v. *Otsego,* 157 U. S., 56.

And this diversity of citizenship must exist at the time of the commencement of the suit as well as at the time of filing the petition for removal. *Mattingly* v. *Railroad Co.,* 158 U. S., 53; *Kellman* v. *Keith,* 144 U. S., 568.

At the time of the commencement of this suit all the complainants were citizens of Mississippi, and one of the defendants—to wit, the Kreutzer-Winton Company—was a Mississippi corporation domiciled in Scott county. So, clearly, the cause as it then stood was not a removable one. But subsequent to the filing of the suit the Kreutzer-Winton Company appeared and filed a disclaimer of interest in the land, alleging that before service of process on it, it had sold its interest to A. L. Kreutzer and W. C. Winton. Then it is that Mr. Day comes in and says: "I am the only defendant here, and I ask that the cause be removed to the federal court." Up to this point that is the case made by the record. Let us see how it measures up to the requirements of the law. The question of removal because of diverse citizenship being one of jurisdiction, the court in passing upon it looks solely to the nature of the case made by the plaintiff's declaration or bill. And a judgment by default or an entry of disclaimer will not affect the removability of the cause. *Brown* v. *Trousdale,* 138 U. S., 389; *Hay* v. *Casper,*

31 Fed. Rep., 509; *Railroad Co.* v. *Sole,* 114 U. S., 57; *Put-nam* v. *Ingraham,* 114 U. S., 57; *Rumsey* v. *Call,* 28 Fed. Rep., 770; *Washington* v. *Columbus R. Co.,* 53 Fed. Rep., 673. Even where the plaintiff paid to some of the defendants the amount due them, it was held that the cause was not thereby rendered a removable one as to the sole remaining defendant. *Rosen-thall* v. *Coats,* 148 U. S., 147.

But counsel say that there is a separable controversy between complainants and defendant R. N. Day, and for this reason the cause ought to be removed. In determining this question we must look solely to the case made by the bill of complaint, and all its allegations must be taken as true. *Wilson* v. *Atsegp Tp.,* 151 U. S., 65; *Winchester* v. *Loud,* 108 U. S., 131; *Life Ass'n* v. *Farmer,* 77 Fed. Rep., 932.

Keeping this in mind, let us see what is the nature of the case made by the bill. The bill is one for the cancellation of clouds on title. It avers that complainants are the sole, true, and legal owners of the land and deraign their title thereto. It then avers that the defendants R. N. Day and the Kreutzer, Winton Company claim some sort of an interest in said lands, the said Kreutzer-Winton Company claiming a half interest under a deed from W. C. Winton, and the said R. N. Day claiming under divers deeds from Bessie, Ellen, R. C., John D., and Jeff Kent, to W. C. Winton and R. N. Day. The bill then charges that said divers pretended deeds cast a cloud on complainants' title and prays that all said deeds be canceled. It will be observed by an inspection of the bill that W. C. Winton and R. N. Day purchased these lands from the Kents, who executed deeds to them jointly, and that subsequently Winton conveyed his half interest to the Kreutzer-Winton Company. It will be further noted that so far as the bill shows there is no common source of title as between complainants and defendants. Upon this state of facts, and so far as the bill shows, the only muniments of title that Day has to the land are the deeds from the Kents, while the sole muniments of title that

Kreutzer-Winton Company have are the Kent deeds and the Winton deed. Now the bill prays for a cancellation of these muniments of title. That is the relief sought by the bill. Under such a state of facts is there a separate cause of action in complainants' favor against each of these joint tenants? Manifestly not. In a petition to contest a will, or to establish a will, or to construe it, all the parties must be before the court or nothing can be done. There can be no separate controversy between the plaintiff and any one of the defendants. The reason is that the thing in issue is the validity or the construction of the paper, the will or the contract, as the case may be, and the court cannot construe it by piecemeal. The thing in issue is in its very nature "one and inseparable," and for that reason there can be no separate cause of action or separate controversy. *Fraser* v. *Jemison,* 106 U. S., 191; *Anderson* v. *Appleton,* 32 Fed. Rep., 855; *Reed* v. *Reed,* 31 Fed Rep., 49; *Security Co.* v. *Pratt,* 66 Fed. Rep., 405. So in proceedings in probate to sell lands to pay the debts of a decedent, there can be no separate controversy. In a suit for partition all the parties are in the nature of things necessary parties, and none of them can claim a separable controversy with the plaintiff. *Hanrick* v. *Hanrick,* 163 U. S., 198.

So in the case at bar the defendants both claim through the same muniments of title—to wit, the Kent deeds—and it is sought here to cancel them.

Both defendants are interested in maintaining the integrity of these Kent deeds, and complainants are interested in having them canceled, not in part, but *in toto*. The thing that the suit is directed against is the deeds under which both defendants claim. The thing in issue as between complainants and defendants is one and inseparable—viz., the deeds. Can it be contended that complainants have a separable controversy with either of the defendants? If the complainant had filed a bill against Day alone to cancel these deeds, would the court have granted any relief? We think not. We insist that the

court could not and would not attempt to cancel a deed, will, contract, or any other instrument by piecemeal. Else in one case we might have the anomalous proposition presented of the same court at different times, and under different proof and pleadings, pronouncing the same instrument both good and bad. This cannot be. The deeds are valid as a whole or else they are invalid. We insist that the nature of the thing in controversy is such as to preclude the possibility of a separable controversy.

Argued orally by *Garner W. Green,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

The bill in this case was filed by L. F. Graham, S. H. Kirkland, citizens of Scott county, and Mrs. B. F. Oatis, a citizen of Copiah county, Mississippi, against R. N. Day, a citizen of Minnesota, averred in the bill to be domiciled in New Orleans, La., and the Kreutzer-Winton Company, a corporation of Mississippi, domiciled in Scott county, Mississippi. The bill was one to remove clouds from title. It averred the complainants to be the legal owners in fee simple of certain lands, and charged that the defendants set up some claim to the same, and prayed a cancellation of the defendants' title. It appears on the face of the bill that the title of both complainants and defendants rests upon the validity of a tax title made in pursuance of a sale for taxes on the 6th of May, 1861, by W. H. Rogers, tax collector of Scott county, at which A. B. Smith, the father of two of the complainants, became the purchaser. It further appears from the bill that the Kreutzer-Winton Company claims an undivided one-half interest in said lands under a deed from William C. Winton, and that R. N. Day claims an undivided one-half interest under certain conveyances from the Kents. In all the deeds from the Kents to Day, Winton is a cograntee, these deeds being made in December, 1902; and Winton thereafter conveyed his one-half interest, by deed of

date April 15, 1903, to the Kreutzer-Winton Company. The Kreutzer-Winton Company filed a disclaimer at the February term, 1903, averring that it did not have any right, title, or interest in any of said lands, but had conveyed all its title in said lands to A. L. Kreutzer and W. C. Winton, and further averring that it, the said corporation, was wrongfully made a party defendant, and that said Kreutzer and Winton were proper and necessary parties defendant, and praying to be discharged. The complainants not having afterwards made the said Kreutzer and Winton parties defendant, R. N. Day filed his petition for removal to the circuit court of the United States for the southern district of Mississippi on the 4th day of November, 1903, accompanying it with the proper bond. The complainants thereupon, without offering any evidence upon the motion, took the rather unusual course of demurring to the petition for removal, resting the demurrer upon three grounds: First, because the United States circuit court had no jurisdiction; second, because the state court had exclusive jurisdiction; and third, because, upon the face of the pleadings, it appeared that the cause of action was not a separable one. The court sustained this demurrer, expressly setting out that it did so as a matter of law on the face of the pleadings, holding the cause not to be properly removable. The defendant Day excepted, and brings the case to this court.

The first two grounds of demurrer are disposed of adversely to appellee's contention by the very clear and accurate opinion of Shelby, J., *in Pine Land Co.* v. *Hall,* 105 Fed. Rep., 88 (44 C. C. A., 363, decided in 1900). The complainants, having chosen to demur, cannot aid themselves here by reference to what evidence would show. Looking, therefore, to all the pleadings, the state of the case made for our decision is this: That the complainants were all citizens of Mississippi, and the corporation having disclaimed and been eliminated from the suit, and Kreutzer and Winton not having been made parties defendant, R. N. Day appears as the sole defendant at the time

the petition for removal was filed, and, indeed, so appears from the filing of the disclaimer by the corporation in February, 1903, some ten months before the petition for removal was filed, during all of which time complainants had failed to make Winton and Kreutzer defendants. It is said by counsel for complainants that the diversity of citizenship necessary to removal must exist both at the time when the action was begun in the state court and at the time when the petition for removal was filed. This is true, but what is meant is, not that mere allegations in the pleadings should so show, but that in fact and in truth the diverse citizenship did so exist. See, to this effect, *Anderson* v. *Watts,* 138 U. S., 694 (11 Sup. Ct., 449; 34 L. ed., 1078). And because this is so the better practice is to meet the petition for removal with evidence, and not to demur. Complainants, however, insist that, looking, as we must on demurrer, to the face of the pleadings alone, the corporation appears to be a resident defendant both at the time of the filing of the bill and at the time of the petition for removal, and that it is not competent to change the situation of the cause as a removable one by having the corporation disclaim interest and retire from the suit. It is said on this point in Black's Dillon on Removal of Causes, p. 132: "It has sometimes been held (principally by the state courts) that, although the action, as originally commenced, is not wholly between citizens of different states, yet if it is so changed by striking out parties, or by a release or disclaimer on the part of some of the defendants, that thereafter it remains between parties all of whom possess the requisite citizenship, a removal may then be had;" citing cases from Georgia, Texas, and Massachusetts. See especially, as expressing our view, the Massachusetts case, *Danvers, etc.,* v. *Thompson,* 133 Mass., 182. The editor then adds: "But these rulings do not seem to be consistent with the decisions of the United States supreme court to the effect that the federal jurisdiction depended upon the condition and citizenship of the parties at the time of the institution of the suit in

.the state court;" citing *Anderson* v. *Watts, supra.* But we think the rule announced in the decisions of the state courts referred to is not in conflict with the holding of the United States supreme court. We think the editor, Mr. Black, takes too narrow a view of those decisions. We have examined all the cases which have been referred to by counsel for appellee, and others, and we do not think it can be properly gathered from the federal decisions that the rule adopted by the state courts referred to would not be pronounced the correct rule by the United States supreme court. To our minds, it is the reasonable and sound view. The court is to deal with the real parties to the litigation, not those who disclaim interest and retire from the contest; and certainly with reference to those real parties the question of removal on the ground of diversity of citizenship should be decided.

*It results from these views that the demurrer should be, and is hereby, overruled, and the cause remanded for further proceedings in accordance with law.*