## WILMINGTON CAPE FEAR CORPORATION v. CAPE FEAR HOTEL CO., Inc., et al.

### No. 3078.

Circuit Court of Appeals, Fourth Circuit.

Jan. 13, 1931.

K. O. Burgwin, of Wilmington, N. C. (Carr, Poisson & James, of Wilmington, N. C., on the brief), for appellant.

Charles G. Rose, of Fayetteville, N. C., (Rose & Lyon, of Fayetteville, N. C., and Bryan & Campbell, of Wilmington, N. C., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge.

The Wilmington Cape Fear Corporation, of Delaware, instituted this suit in the superior court of New Hanover county, N. C., joining as defendants the Cape Fear Hotel Company, Inc., a corporation of the state of North Carolina, and W. R. Barringer and L. S. Barringer, residents of South Carolina. Service of summons was had upon W. R. Barringer, who promptly filed a petition for the removal of the case into the United States District Court for the Eastern District of North Carolina and filed with that court a

certified transcript of the record. Plaintiff moved to remand and excepted to the denial of the motion. Defendants then demurred to the complaint on the ground, among others, that it contained a misjoinder both of parties and of causes of action, and this demurrer was sustained and the suit dismissed. From the order dismissing same plaintiff has appealed, assigning error in the denial of the motion to remand as well as in the order sustaining the demurrer and dismissing the suit.

The complaint alleged that the defendant W. R. Barringer was indebted to plaintiff in the sum of $10,850.00 for rent of the Cape Fear Hotel for the period between his acquirement of the lease of the hotel property and its transfer to the defendant corporation; that the corporate defendant was indebted to plaintiff in the sum of $75,000 for rent of the property after the date of the transfer; that this corporation had been organized by the defendants W. R. and L. S. Barringer, who controlled it through stock ownership, and who had converted its assets to their own use in fraud of its creditors; that the corporation was insolvent and had no property or rights of any kind except such rights as might be asserted in its behalf against the Barringers; that the Barringers were indebted to the corporation in large sums of money, payment whereof was not being demanded, and that they were attempting to have the corporation dissolved for the purpose of hindering, delaying, and defrauding plaintiff and its other creditors. The complaint concluded by asking a money judgment against W. R. Barringer in the sum of $10,850, a money judgment against the corporation in the sum of $75,000, the appointment of a receiver for the corporation with an order enjoining the Barringers from interfering with its books, assets, and property, and for a determination by the court of the amount in which the Barringers were indebted to it, with judgments against them for the amounts so determined.

The defendant W. R. Barringer was found in North Carolina and summons was personally served upon him. No officer of the corporation could be found upon whom process could be served, however, and an order was entered that service upon it be made by publication. Before the publication could be completed, W. R. Barringer filed the petition for removal to the federal court; and he insists that he was entitled to the removal because the corporation had not been served at the time the petition was filed, as well as upon the ground that the complaint stated a separable controversy as to him.

The point that the resident defendant had not been served at the time of the filing of the petition for removal is, we think, entirely without merit. It is undoubtedly true that, where one only of two or more defendants is served with process, he may remove the cause just as though he were sued alone. But this principle has no application to a case where, as here, time for service upon the other defendants has not expired and plaintiff is engaged in the attempt to secure service upon them. The defendant served may, of course, file his petition and bond for removal at any time after service, and must do so before his time for answering has expired, but the removability of the cause upon his petition cannot be finally determined until opportunity has been given to serve the other defendants. Baxter v. Proctor, 139 Mass. 151, 29 N. E. 542.

We think, however, that the cause was properly removed, for the complaint undoubtedly stated a separable cause of action against W. R. Barringer, the defendant who petitioned for removal. The statute provides that, "when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit." Judicial Code, § 28 (28 USCA § 71). The complaint stated a cause of action against W. R. Barringer for the recovery of the $10,850 rent; and this cause of action was wholly between the plaintiff, a Delaware corporation, and Barringer, a citizen of South Carolina, and was fully determinable as between them. It did not concern the North Carolina corporation in any way, and was clearly separable from the causes of action stated against that corporation and the two Barringers. The motion to remand was therefore properly denied.

In dismissing the suit upon the demurrer, however, we think that the court below was in error. The complaint was multifarious; for it joined with the action against W. R. Barringer the wholly unrelated suit against the corporation and the two Barringers. This resulted, not only in rendering the pleading multifarious, but also in the uniting of an action at law with a suit in equity. Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569. But this did not justify the dismissal of the action. The court should have ordered the action against W. R. Bar-

432

ringer separated from the suit against the corporation and the two Barringers and the pleadings recast accordingly, upon penalty of dismissal without prejudice if the order were not complied with. Price v. Union Land Co. (C. C. A. 8th) 187 F. 886; Hamilton v. Empire Gas & Fuel Co. (C. C. A. 8th) 297 F. 423, 429; Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297.

The division of the causes improperly joined and the recasting of the pleadings would have resulted in splitting up the suit removed into the federal court into two distinct causes, one the action at law against W. R. Barringer, the other the suit in equity against the corporation and the two Barringers. The court should then have retained jurisdiction of the former, because it was properly removable into the federal court, but should have remanded the latter because it was not removable, as one of the defendants was a North Carolina corporation. Judicial Code § 37 (28 USCA § 80). What was said by Mr. Justice Harlan, speaking for the Supreme Court in Barney v. Latham, 103 U. S. 205, 216, 26 L. Ed. 514, is directly applicable here. Said he: "The State court ought not to disregard the petition, upon the ground that, in its opinion, the plaintiffs, against whom a removal is sought, had united causes of action which should or might have been asserted in separate suits. Those are matters more properly for the determination of the trial court, that is, the Federal court, after the cause is there docketed. If that court should be of opinion that the suit is obnoxious to the objection of multifariousness or misjoinder, and for that reason should require the pleadings to be reformed, both as to subject-matter and parties, according to the rules and practice which obtain in the courts of the United States, and if, when that is done, the cause does not really and substantially involve a dispute or controversy within the jurisdiction of that court, it can, under the fifth section of the act of 1875, dismiss the suit, or remand it to the state court as justice requires." See, also, Twist v. Prairie Oil & Gas Co., 274 U. S. 684, 687, 690, 47 S. Ct. 755, 71 L. Ed. 1297; Hamilton v. Empire Gas & Fuel Co., supra.

The cause will be remanded to the District Court, with directions that the order of dismissal be set aside, that the action be divided and plaintiff allowed to recast its pleadings, and that, upon the pleadings being recast, further proceedings be had in accordance with the principles herein set forth.

Remanded, with directions.