CLARA E. ELLIS, administratrix, *vs.* ATLANTIC AND PACIFIC
RAILROAD COMPANY.

Bristol.   Oct. 26, 1882. — March 2, 1883.   C. ALLEN, COLBURN & HOLMES,
JJ., absent.

An appeal lies to this court from an order of the Superior Court, granting a
petition for the removal of an action to the Circuit Court of the United
States.

Section 639 of the U. S. Rev. Sts. provides that, upon certain conditions, an ac-
tion commenced in a state court may be removed to the Circuit Court of the
United States for the district where the action is pending, "next to be held
after the filing of the petition for such removal;" and that "in order to such
removal, the petitioner must, at the time of filing his petition therefor, offer
in said state court good and sufficient surety for his entering in such Cir-
cuit Court, on the first day of its session, copies of said process against him."
The bond filed with a petition for the removal of an action contained the con-
dition that the petitioner "shall enter in such Circuit Court, on the first day
of its session next after the granting of said petition, a copy of the record."
The next session of the Circuit Court for the district, held after the granting
of the petition, was the session next held after the filing of the petition. *Held,*
that the variation in the form of the bond from the words of the statute was
immaterial.

TORT against a corporation alleged in the writ to be estab-
lished under the laws of the United States, for an injury sus-
tained by the plaintiff's intestate, an employee of the corporation,
by the defective condition of its road-bed.   The writ was dated
April 1, 1882, and returnable to the Superior Court next to be
holden on the first Monday of June.   The *ad damnum* wa'
stated in the writ at $25,000.

On June 14, 1882, the defendant filed a petition for the
removal of the case into the Circuit Court of the United States
"next to be holden within and for the District of Massachu-
setts," alleging that the defendant was a corporation incorpo-
rated under a law of the United States, and was not a banking
corporation, and that the plaintiff resided in New Bedford in
the county of Bristol; that the matter in dispute, exclusive of
costs, exceeded the sum of $500; that the defendant had a good
and valid defence to said action under and by virtue of a la'
of the United States, namely, its act of incorporation of July
27, 1866, and other laws of the United States relating to said

corporation. The petition was verified by the oath of the president of the corporation. On the same day the defendant filed a bond, with two sureties, in the sum of $500, which contained the following condition : " The condition of this obligation is such, that whereas heretofore, to wit, on the first day of April last, said Clara E. Ellis, administratrix, commenced an action at law against said Atlantic and Pacific Railroad Company, which action is returnable to the Superior Court of the Commonwealth of Massachusetts for the county of Bristol, at the June term thereof A. D. 1882, and said defendant being a corporation incorporated and organized under the laws of the United States, and having a defence to said action arising under and by virtue of a law of the United States, as it has duly declared under oath as required by law of the United States, desires and has petitioned the court for the removal of said action to the Circuit Court of the United States for the District of Massachusetts : Now therefore, if the above bounden party defendant in said action shall enter in such Circuit Court, on the first day of its session next after the granting of said petition, a copy of the record in said suit, and shall pay all costs that may be awarded by said Circuit Court, if said court shall hold that said suit was wrongfully or improperly removed thereto, and shall appear in said suit, then this obligation shall be void, otherwise shall remain in full force and virtue."

On July 11, 1882, the Superior Court granted the petition; and the plaintiff appealed to this court.

*T. M. Stetson,* for the plaintiff.

*G. Marston,* for the defendant.

FIELD, J. The petition for removal was filed in the Superior Court on June 14, 1882, and was allowed by that court on July 11, 1882. From the order allowing this petition the plaintiff appeals to this court. It does not appear that any rulings were requested of the presiding justice of the Superior Court, or that any exceptions were taken to any rulings made by him. Two questions have been argued in this court : first, whether an appeal lies to this court from the order of the Superior Court granting the petition ; and second, whether the defect in the condition of the bond is a reason why the petition should not be granted.

It is said that all questions of law which have been brought to this court by any party dissatisfied with an order of the Superior Court, or of a justice of this court, refusing or granting a petition for the removal of a cause to the Circuit Court of the United States, have been brought here either by exceptions or by report. *Bryant* v. *Rich*, 106 Mass. 180, 191. *Commonwealth* v. *Casey*, 12 Allen, 214. *Morton* v. *Mutual Life Ins. Co.* 105 Mass. 141. *Du Vivier* v. *Hopkins*, 116 Mass. 125. *Tapley* v. *Martin*, 116 Mass. 275. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 70. *Stone* v. *Sargent*, 129 Mass. 503. *Mahone* v. *Manchester & Lawrence Railroad*, 111 Mass. 72. *Broadway National Bank* v. *Adams*, 130 Mass. 431. *Danvers Savings Bank* v. *Thompson*, 130 Mass. 490.

This court has jurisdiction of "questions of law on exceptions, on appeals from the Superior Court, on cases stated by the parties, and on special verdicts," &c. Pub. Sts. c. 150, § 7. In regard to appeals from the Superior Court, it is provided that "a party aggrieved by a judgment founded upon matter of law apparent on the record in any proceeding, civil or criminal, except a judgment upon an answer or plea in abatement or motion to dismiss for defect of form of process, may appeal therefrom to the Supreme Judicial Court," &c. Pub. Sts. c. 152, § 10. Before the appeal can be entered in this court, there must first be a final disposition of the whole case in the Superior Court. *Riley* v. *Farnsworth*, 116 Mass. 223.

It is obvious that an order or judgment of the Superior Court, refusing to grant a petition for the removal of an action to the Circuit Court of the United States, is not a final judgment disposing of the whole case in the Superior Court. The case still remains in the Superior Court, to be determined there. But an order allowing such a petition, and removing the cause, does dispose of the whole case in the Superior Court. Nothing more remains to be done in that court. From such an order, made upon allegations of fact as they appear of record as a final judgment in the cause, an appeal lies immediately to this court. The distinction is similar to that made between an order dismissing an action for matter of law apparent on the record, and an order refusing to dismiss it. *Lamphear* v. *Lamprey*, 4 Mass. 107. *Bowler* v. *Palmer*, 2 Gray, 553.

Section 640 of the U. S. Rev. Sts., within which this case falls, provides that "such removal, in all other respects, shall be governed by the provisions of the preceding section." The preceding section provides that, "in order to such removal, the petitioner in the cases aforesaid must, at the time of filing his petition therefor, offer in said state court good and sufficient surety for his entering in such Circuit Court, on the first day of its session, copies of said process against him," &c., and "it shall thereupon be the duty of the state court to accept the surety and to proceed no further in the cause," &c. The first day of the session of the Circuit Court must, by reference to the first clause of the section, be held to mean the first day of "the Circuit Court for the district where such suit is pending next to be held after the filing of the petition," &c. The condition of the bond filed in this case is that the defendant "shall enter in such Circuit Court on the first day of its session next after the granting of said petition a copy of the record," &c. The form of the bond indicates that it was intended to conform to the provisions of the U. S. St. of March 3, 1875, § 3, and not to the provisions of the U. S. Rev. Sts. § 639; but the only objection taken is to the words above cited. But by the U. S. St. of March 3, 1875, § 3, as we construe it, a case should be entered on the first day of the session of the Circuit Court next to be held after the filing of the petition, in the same manner as a case removed under the U. S. Rev. Sts. § 640. It is however within the judicial discretion of the Circuit Court to permit a case so removed to be entered therein at a subsequent time, if sufficient cause is shown therefor. *Railroad Co.* v. *Koontz*, 104 U. S. 5.

It does not distinctly appear in this case that the bond was approved by the presiding justice of the Superior Court. Neither does it appear that the attention of the court was called to the peculiar form of the bond, and that the plaintiff either excepted to, or appealed from, any order of the Superior Court approving the bond; but if it be assumed that the Superior Court did approve the bond, as the parties in argument concede, and also assumed that it is open to the plaintiff, under his appeal from the order allowing the petition, to contest here the sufficiency of the form of the bond filed in the Superior Court,

we are of opinion that the Superior Court might properly have held that the bond was of the same legal effect as a bond which followed literally the words of the statute; because the next Circuit Court of the United States for the District of Massachusetts held after the granting of the petition was the court next held after the filing of the petition, viz. the Circuit Court held on October 15, 1882. The bond was filed in the Superior Court with the petition for removal addressed to that court. If the bond were approved by that court, it was done at the time of granting that petition, and it took effect as of that time. The words of the bond, viz. "next after the granting of said petition," construed in reference to the petition, must be held to mean after the granting of the petition by that court, and it would appear of record in that court that the Circuit Court of the United States next to be held after the granting of the petition must necessarily be the session of the Circuit Court next to be held after the filing of the petition. The variation in the form of the bond from the words of the statute was therefore immaterial.

No answer by the defendant has been filed, and it does not appear what the defence is, except by the general allegation of the petition that the defendant has a defence arising under the laws of the United States in relation to it. The question has not been raised by the plaintiff which was decided one way in *Turton* v. *Union Pacific Railroad*, 3 Dill. 366, and the opposite way in *Magee* v. *Union Pacific Railroad*, 2 Sawyer, 447, and has not been considered. The order of the Superior Court removing the cause must be                    *Affirmed.*