LUKE LONG *vs.* QUINN BROTHERS, Incorporated.

Suffolk.  March 11, 1913. — May 24, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Practice, Civil,* Appeal, Removal from State court to United States court.

An order of the Superior Court granting a petition for the removal of an action entered therein to a district court of the United States is a final judgment which disposes of the whole case in the Superior Court, and an appeal lies therefrom which brings before this court the question, whether, as a matter of law on the face of the record, the case is a proper one for removal.

An action brought in a State court is not one "arising under the Constitution or laws of the United States," so that the defendant would be entitled as a matter of law to have it removed to a United States court, unless it appears to be such from the plaintiff's statement of his cause of action in his writ, declaration, petition or other pleading; and if the plaintiff's pleadings at the time when the petition for removal is filed fail to disclose such an action, the defendant cannot prove it to be such upon averments in his petition for removal.  In the present case averments in such a petition by the defendant failed to show that the plaintiff's cause of action arose under the Constitution or laws of the United States.

RUGG, C. J.   This is an appeal from an order of the Superior Court accepting the defendant's petition and bond for the removal of the cause from the Superior Court to the District Court of the United States for the District of Massachusetts.   It is conceded by the defendant that this appeal is taken properly under R. L. c. 173, § 96, as amended by St. 1910, c. 555, § 4, and that the order allowing the petition for removal is a final judgment which disposes of the whole case.   The matter is properly before us.   *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31.   *Ellis* v. *Atlantic & Pacific Railroad,* 134 Mass. 338.

This is an action of tort.   The plaintiff in his writ is alleged to be a resident of Boston, and the defendant a corporation organized under the laws of this Commonwealth, having its usual place of business at Boston.   The declaration is for personal injuries alleged to have been received through the negligence of the defendant.   The petition for the removal to the District Court of the United States avers that the plaintiff is an alien, being a citizen of Newfoundland "and, therefore, a foreign citizen or subject; and that your petitioner, Quinn Bros., Inc., which is a corporation duly organized under the laws of the Commonwealth of Massachusetts, was at the time of the commencement of this suit and still is a citizen of the Commonwealth of Massachusetts, and of a state, and that this suit is therefore one of a civil nature arising under the laws of the United States, of which the District Courts of the United States are given original jurisdiction by an act to codify, revise and amend the laws relating to the judiciary."   The only reason set out upon this record for removal is diversity of citizenship.   Under U. S. St. 1911, c. 231, known as "The Judicial Code," (§ 296), the right of removal on the ground of diversity of citizenship is confined to a defendant or defendants who are non-residents of the State in whose court the action is brought.   See § 28.

The defendant asks leave to amend its petition for removal so as to set out the fact that the action is "one of a civil nature arising under the laws of the United States in that the plaintiff contests the validity of a writ, order, judgment or decree of the Circuit Court of the United States for the District of Massachusetts, which said court in an action brought by this plaintiff against this defendant for the same cause of action as (according to

your petitioner's best information and belief) that for which this suit was brought ordered a judgment for the defendant." We assume in favor of the defendant, but without so deciding, that its petition for removal may be treated as thus amended.

The Judicial Code in the respects here involved does not differ in substance from the previous statute, (see 25 U. S. Sts. at Large, 433, 434,) and decisions made under that act are equally applicable now. The practice as to removals of causes from State to Federal courts has become fairly well settled. When a petition and bond are filed, it is the duty of the State court to determine whether on the face of the record a cause for removal is made out. If any issues of fact are raised these cannot be tried in the State court but must be heard and determined in the Federal court upon a petition to remand. *Duff* v. *Hildreth,* 183 Mass. 440, 442, and cases cited.

The question, whether a cause for removal is made out as matter of law upon the face of the record, is one which the State court must consider and decide. *Stone* v. *Sargent,* 129 Mass. 503, 508. The point to be determined is whether the action at bar is one "arising under the Constitution or laws of the United States." It was said in *In re Winn,* 213 U. S. 458, at 465, "It is the settled interpretation of these words, as used in this statute conferring jurisdiction, that a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough, as the law now exists, that it appears that the defendant may find in the Constitution or laws of the United States some ground of defense. . . . If the defendant has any such defense to the plaintiff's claim it may be set up in the State courts, and if properly set up and denied by the highest court of the State may ultimately be brought to this court for decision." Although in some respects the scope of *In re Winn,* 213 U. S. 458, has been narrowed in *Ex parte Harding,* 219 U. S. 363, its binding force in the respect of the language just quoted cannot be challenged.

The character of a cause of action, for the purpose of ascertaining whether it involves a controversy touching a right arising under the Constitution or laws of the United States and hence removable, must be determined by the plaintiff's statement of it

in his writ, declaration, petition or other pleading. If the plaintiff's pleadings, at the time the petition for removal is filed, fail to disclose a suit which might have been brought in the Federal court because growing out of the Constitution or laws of the United States, the defendant cannot supplement the record by averments of a right which may arise under such Constitution or laws. *Matter of Dunn,* 212 U. S. 374, 384. *Coyle* v. *Stern,* 113 C. C. A. 450, 452, and cases cited. This proposition is supported by affluent citation of authorities in *Louisville & Nashville Railroad* v. *Mottley,* 211 U. S. 149, at 154.

It is plain that the plaintiff's declaration sets out no cause of action under the laws of the United States. It seems equally plain that the allegations of the proposed amendment of the defendant's petition for removal fail to show that the plaintiff's cause of action arises under the laws of the United States. Giving it full force, it appears to set up *res judicata.* This is a defense and no part of the plaintiff's cause of action. It is a defense which, when pleaded respecting a judgment rendered in a court of the United States, raises a question under the full faith and credit clause of the Federal Constitution, which must be decided in the first instance by the State court, whose decision in proper cases may be reviewed by the Supreme Court of the United States on writ of error. But whether the defense is *res judicata* or some other is of slight consequence. On the strength of the decisions of the Supreme Court of the United States which have been cited, it appears to be clear as matter of law that this is not a proper case for removal to the District Court of the United States.

*Order accepting petition and bond for removal reversed.*

*J. L. Keogh,* for the plaintiff.

*E. C. Stone,* (*G. F. Grimes* with him,) for the defendant.