JAMES MUNNSS *vs.* AMERICAN AGRICULTURAL CHEMICAL CO.

Suffolk.    December 10, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, & DE COURCY, JJ.

*Removal of Suits. Time,* Fractions of a day. *Evidence,* Docket entries, Presumptions and burden of proof.

Under the Judicial Code, U. S. St. 1911, c. 231, § 24, which gives a right to remove an action from a State to a federal court on the ground of diversity of citizenship when the amount at issue between the parties exceeds $3,000 exclusive of interest and costs, no right of removal exists where the docket entries of the Massachusetts court in which such an action was brought show that, at a previous time on the same day on which the petition and bond for removal were filed, an amendment by the plaintiff of his writ reducing the *ad damnum* to $3,000 was filed and allowed, this belonging to the class of cases where the court will regard fractions of a day in order to determine the rights of the parties.

Where it is material to show which of two orders of court, made by the same court on the same day, was made first, docket entries, in which the orders in question are recorded and are numbered successively, are conclusive evidence as to the sequence in which the orders were made, this being a matter apparent on the face of the record which is to be determined by an inspection of the record and not otherwise.

RUGG, C. J. This is an action of tort brought in the Superior Court for the county of Suffolk by a resident of Boston against

----

* The bill was filed in the Supreme Judicial Court, and the decree was made by *Loring,* J. The defendants appealed.

a corporation domiciled in the State of Connecticut. The *ad damnum* of the writ originally was $10,000. The action was entered on August 5, 1912. On August 9, 1912, the plaintiff filed a motion to reduce the *ad damnum* to $3,000, and this motion was allowed. On the same day the defendant filed a motion for the removal of the action to the federal court on the ground of diversity of citizenship, alleging among other necessary averments that the matter in dispute between the parties exceeded $3,000, exclusive of interest and costs, and at the same time tendered a bond in due form, which were accepted by the court. The plaintiff appealed from the order * accepting the petition and bond for removal.

The case properly is here. *Ellis* v. *Atlantic & Pacific Railroad,* 134 Mass. 338. The defendant has conceded in express terms, for the purposes of this case, "first, that an amendment of the writ alone is sufficient" without amending the declaration also, and "second, that a plaintiff may amend his complaint before the petition and bond for removal are filed so as to demand $3,000 or a less sum, and thereby defeat a removal." This concession is made advisedly and is supported by the authorities. *Maine* v. *Gilman,* 11 Fed. Rep. 214. *Waite* v. *Phœnix Ins. Co.* 62 Fed. Rep. 769. The motive of a plaintiff in thus reducing the *ad damnum* of his writ is of no consequence and is not open to inquiry. If the *ad damnum* actually is reduced to an amount below the jurisdictional requirement before the petition for removal is filed, then as matter of law no ground for removal exists. *Blair* v. *Chicago,* 201 U. S. 400, 448, 449. *Wheeler* v. *Denver,* 229 U. S. 342, 351. Under the Judicial Code, U. S. St. 1911, c. 231, § 24, the right of removal from the State to the federal court on the ground of diversity of citizenship depends upon the question whether the amount at issue between the parties exceeds $3,000 exclusive of interest and costs.

The controversy in the case at bar resolves itself into an inquiry whether at the time the petition and bond for removal were filed the *ad damnum* of the plaintiff's writ exceeded $3,000. So far as the State court is concerned, however, this must be determined upon the face of the record, for it can make no decision of dis-

---

* Made by *Morton,* J.

puted issues of fact. If such questions are raised, they can be heard and settled only in the federal court upon a petition to remand. *Long* v. *Quinn Brothers,* 215 Mass. 85. The removability of an action from the State to the federal courts depends upon the pleadings and the state of the record at the time the petition is filed. *Chicago, Burlington & Quincy Railway* v. *Willard,* 220 U. S. 413.

The record of the court by its docket entries in the present action shows that the petition of the plaintiff for the reduction of the *ad damnum* of his writ was filed and allowed before the defendant's petition for removal and bond were filed and accepted. This appears from the order of the several entries on the docket, and from the further fact that each docket entry is numbered. The plaintiff's motion is entered and numbered earlier than the petition and bond of the defendant. This record of the court "imports incontrovertible verity, as to all the proceedings which it sets forth as having taken place, and is of so high a nature that no averment can be made against it." *Wells* v. *Stevens,* 2 Gray, 115, 117. *Cote* v. *New England Navigation Co.* 213 Mass. 177,179, and cases cited. This is a rule of general application based upon considerations of public policy. While in a certain sense the succession of occurrences of a given day may be regarded as a matter of fact, yet when that succession is a matter of record in the court of the very case to be removed, it is not and cannot be a controverted issue of fact as to which evidence is to be heard and weighed. It is not a question of fact raised by the petition and record, but is something apparent upon the face of the record and is to be determined by an inspection of the record and not otherwise.

This decision involves the order of events occurring on a single day, but it belongs to the class of cases where the court will regard fractions of a day in order to reach a proper determination as to the rights of the parties. *Finneran* v. *Graham,* 198 Mass. 385.

It follows that on the face of the record when the defendant's petition and bond were accepted there was no ground for removal, because the amount at issue between the parties was less than the jurisdictional requirement, and hence there could be no removal.

*Order accepting petition and bond for removal reversed.*

*J. L. Keogh,* (*C. Toye* with him,) for the plaintiff.

*E. C. Stone,* for the defendant.