ARTHUR BOOKI *vs.* PULLMAN COMPANY.

Suffolk.    December 9, 1914. — December 31, 1914.

Present: BRALEY, SHELDON, DE COURCY, & PIERCE, JJ.

*Removal of Suits.*

On the filing of a petition and a proper bond under the Judicial Code, U. S. St. 1911, c. 231, §§ 28, 29, for the removal of an action of tort from the Superior Court to the District Court of the United States, the provision of § 29, that "It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit," must be obeyed, although the petition contains no allegation that "written notice of said petition and bond for removal" were "given the adverse party or parties prior to filing the same" as required by the statute; the want of notice being a matter of defence to the petition for removal, which can be asserted or waived upon a motion in the United States District Court to remand the case to the State court.

PIERCE, J.    This is an appeal, by the plaintiff in an action of tort for personal injuries, from an order of the Superior Court accepting the defendant's petition under the Judicial Code, U. S. St. 1911, c. 231, §§ 28, 29, approving its bond and ordering that the case be removed to the United States District Court.

It is not disputed that the petition alleges every jurisdictional fact, other than that of notice, required by the Judicial Code, and that, if the absence of the allegation of notice be disregarded, it became the duty of the court, if the petition was accompanied by a proper bond (as it was), "to accept said petition and bond and proceed no further in such suit." Nor is it denied in such case that it was the further duty of the court to make a formal order for removal; indeed if it failed so to do, the cause nevertheless stood removed. *Wabash Western Railway* v. *Brow,* 164 U. S. 271.

Before the passage of the code the court proceeded *ex parte;* its duties were largely ministerial, and only in the smallest sense of the term judicial. *Goins* v. *Southern Pacific Co.* 198 Fed. Rep.

432. It had the duty of passing upon the formal appearance of the record and nothing whatsoever to do with defects, irregularities or the truth of the facts alleged. To be sure it could retain the case if the record did not seem to it to disclose a case for removal, but it did this at the peril of having its judgment set aside as erroneous by the Supreme Court of the United States. *Stone* v. *South Carolina*, 117 U. S. 430.

The Judicial Code re-enacted, with some formal changes not material to this issue, the then existing law, but after stating that "It shall . . . be the duty of the State court to accept said petition and bond and proceed no further in such suit," added these words: "Written notice of said petition and bond for removal shall be given the adverse party or parties prior to filing the same."

The plaintiff's complaint is that it is nowhere alleged in the defendant's petition that such a notice was given him before the filing of the petition. He does not in terms charge that written notice was not in fact given, but that the defendant has not set out in his petition, in any form of words, that it has been given.

Inadvertent failure to allege performance of a statutory condition, due to accident, mistake or waiver, is made to stand on the same footing as wilful and intentional non-compliance with the provision of the act. If written notice should have been in fact given or waived and the petition should fail so to state, it is at least doubtful whether the Superior Court had power to permit an amendment after the expiration of the time within which a petition must be filed. *United States* v. *Sessions*, 205 Fed. Rep. 502.

Such a requirement of notice is not merely formal, neither is it jurisdictional in a broad sense, but it is substantial, and if it is not waived and is insisted upon, may require the United States District Court to deny its jurisdiction and remand the case to the State court. *Arthur* v. *Maryland Casualty Co.* 216 Fed. Rep. 386. As the State court has not power to pass upon the fact of notice or waiver thereof, and as the inference arising from the failure to allege notice may result in a denial of right, it would seem that the act should be so construed as not to effect such a result. This may be accomplished without violence to legal precedent by holding that the failure to allege the giving of written notice, like

the failure to allege an evidential writing under the requirement of the statute of frauds, is not as a matter of pleading to be treated as a condition precedent, but as a defence to be asserted or waived, at the election of the plaintiff, at a hearing on a motion to remand in the United States District Court. *Price* v. *Weaver,* 13 Gray, 272. *Long* v. *Quinn Brothers, Inc.,* 215 Mass. 85.

*Order affirmed.*

The case was submitted on briefs.

*C. Toye & J. H. Baldwin,* for the plaintiff.

*B. N. Johnson & A. F. Johnson,* for the defendant.