COMMONWEALTH *vs.* MAXWELL NORMAN.

Suffolk.    January 22, 1924. — May 21, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Jurisdiction,* Removal from State to federal court. *Commissioner of Corporations and Taxation. Commonwealth. Practice, Civil,* Parties. *Tax,* On income: action for collection.

Where, upon the entry by the Commonwealth of an action of contract for the collection of an income tax, the defendant within ten days files a petition and bond for removal of the cause to the District Court of the United States for the District of Massachusetts, a judge of the Superior Court enters thereon an order, " . . . within petition and the bond is accepted by the court," and the Commonwealth appeals therefrom, the question of the propriety of the removal is properly before this court.

It is the duty of a State court, in passing upon a petition for the removal of an action to a District Court of the United States, to determine whether on the face of the record a cause of removal is made out: all allegations of fact in the petition must be accepted as true in the State court for the purpose of determining whether it ought to surrender jurisdiction, but allegations of law therein are not accepted as sound or binding.

Under the statutes governing the removal of cases from a State court to a District Court of the United States, Judicial Code, U. S. St. 1911, c. 231, §§ 24, 28, 29; 36 U. S. Sts. at Large, 1087, a State is not a citizen and hence diversity of citizenship cannot be predicated on an averment to that effect.

The question, whether or not a State is a party to an action sought to be removed as above described, is to be determined not by the mere names of the titular parties but by the essential nature and the effect of the proceeding, as it appears from the entire record.

In an action of contract by the Commonwealth under G. L. c. 62, § 41, as amended by St. 1923, c. 287, § 3, the Commonwealth is not merely a nominal party but is the sole party plaintiff in interest; and, therefore, a petition by the defendant for a removal of such an action from a court of the Commonwealth to the United States District Court for the District of Massachusetts should not be granted.

Inclusion, in a petition by the defendant for the removal from a State court to the United States District Court for the District of Massachusetts of an action of contract under G. L. c. 62, § 41, as amended by St. 1923, c. 287, § 3, for the collection of an income tax, of averments that the petitioner, defendant in the action, at the time of the assessment was a citizen of another State and not liable to the tax, that the action, although brought in the name of the Commonwealth, really was brought by the commissioner of corporations and taxation, that it was confiscatory and an unconstitutional enforcement of the income tax law of the Commonwealth, that the assessment of the tax was an unlawful exaction and wholly unauthorized and therefore was " the personal act of the commissioner of corporations and taxation so that he . . . and not the Commonwealth of Massachusetts was the real party plaintiff," and that the commissioner was a citizen of the Commonwealth, and that accordingly the action was between citizens of different States, does not require a ruling that the Commonwealth is not the sole party plaintiff interested in the action, nor make the cause one removable to the United States District Court.

A defendant in a proceeding in a State court is not entitled to have such proceeding removed to a federal court on the ground that it arises under the Federal Constitution, laws or treaties, unless that ground is established by the facts alleged in the plaintiff's own statement of his claim without recourse to pleadings subsequent thereto or to the petition for removal.

CONTRACT for the collection of income taxes assessed upon the defendant. Writ dated October 8, 1923.

The declaration was filed on November 5, 1923. Ten days later the defendant filed a petition and bond for removal of the action to the United States District Court for the District of Massachusetts, as described in the opinion. *Wait*, J., entered the following " order " upon the petition and bond: " Nov. 15, 1923, within petition and the bond is accepted by the court." The Commonwealth appealed.

Material provisions of the Judicial Code, U. S. St. 1911, c. 231, §§ 24, 28, 29; 36 U. S. Sts. at Large, 1087, read as follows:

Section 24. " The district courts shall have original jurisdiction as follows:

" First. Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall .be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects.   . . . "

Section 28. " Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for .the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. . . ."

Section 29. " Whenever any party entitled to remove any suit mentioned in the last preceding section, except suits removable on the ground of prejudice or local influence, may desire to remove such suit from a State court to the district court of the United States, he may make and file a petition, duly verified, in such suit in such State court at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the district court to be held in the district where such suit

is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such district court, within thirty days from the date of filing said petition, a certified copy of the record in such suit, and for paying all costs that may be awarded by the said district court if said district court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the State court to accept said petition and bond and proceed no further in such suit. . . ."

Other material statutes are quoted or described in the opinion.

*A. Lincoln,* Assistant Attorney General, for the Commonwealth.

*W. A. Dane,* for the defendant.

RUGG, C.J. This is an action of contract. It was brought originally in our Superior Court. It comes before us on appeal from an order of that court accepting the defendant's petition and bond for removal of the cause from that court to the District Court of the United States for the District of Massachusetts. It is rightly before us. *Long* v. *Quinn Brothers, Inc.* 215 Mass. 85, 86. *Samuel* v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134. No question is raised as to the form or seasonableness of the petition for removal, the sufficiency of the bond, or the jurisdictional amount involved.

The petitioner Norman alleges that at all times crucial to the decision of issues here raised he was a citizen of the State of Rhode Island; that, both individually and as trustee with another by appointment of the appropriate court of the State of Rhode Island under a will duly admitted to probate in that State, he has been unlawfully assessed a tax on income under the laws of this Commonwealth and that the action is to recover such tax; that the present action is a proceeding by Henry F. Long, "Commissioner of Corporations and Taxation, brought in the name of the Commonwealth of Massachusetts to enforce unlawful exactions . . . under the alleged authority of the said income tax law

of Massachusetts, and that it is a confiscatory and unconstitutional enforcement of said income tax law in violation of the ' due process ' and ' equal protection ' clauses " of art. 14 of the Amendments to the United States Constitution; that the present action is for the collection of such income taxes; that the assessment of such taxes was " an unlawful exaction and a confiscatory and unconstitutional enforcement of the said income tax law . . . is wholly unauthorized and is therefore the personal act of the Commissioner of Corporations and Taxation, the said Henry F. Long, so that he, the said Henry F. Long, and not the Commonwealth of Massachusetts, is the real party plaintiff," and that he is a citizen of Massachusetts, and that accordingly the action is between citizens of different States. The sole question for decision is whether on this record the action is removable on the ground that it " is wholly between citizens of different States " and can be fully determined as between them under § 28 of the Judicial Code. 36 U. S. Sts. at Large, 1094, c. 231, Act of March 3, 1911.

It is the duty of the State court, in passing upon a petition for removal of an action to a District Court of the United States, to determine whether on the face of the record a cause for removal is made out. If any issues of fact are raised, these cannot be tried in the State court but must be heard and decided in the Federal Court on a petition to remand. All allegations of fact in the petition for removal must be accepted as true by the State court for the purpose of determining whether it ought to surrender jurisdiction. *Long* v. *Quinn Brothers, Inc.* 215 Mass. 85, 87. *Chesapeake & Ohio Railway* v. *Cockrell,* 232 U. S. 146, 154. Whether a cause for removal is made out on the face of the record is a question of law which must be decided by the State court subject to review by the Supreme Court of the United States. *Eaton* v. *Walker,* 244 Mass. 23, 27, and cases there collected. It follows as an inevitable corollary to this proposition that the allegations of law inserted in a petition for removal are not accepted as sound or binding. So far as material they must be critically examined and stand or fall on their own merits.

It has been held repeatedly that under the removal statute a State is not a citizen and hence diversity of citizenship cannot be predicated on an averment to that effect. An action between a State and a citizen, therefore, cannot be removed. *Postal Telegraph Cable Co.* v. *Alabama,* 155 U. S. 482, 487. *Title Guaranty Co.* v. *Allen,* 240 U. S. 136, 140. *Arkansas* v. *Kansas & Texas Coal Co.* 183 U. S. 185, 188. *McAllister* v. *Chesapeake & Ohio Railway,* 243 U. S. 302, 305. *Alabama Great Southern Railway* v. *Thompson,* 200 U. S. 206, 216. *Great Northern Railway* v. *Alexander,* 246 U. S. 276, 280, 281.

The defendant does not dispute this principle. He seeks by the allegations of his petition to show that the action is not by the Commonwealth as plaintiff but by one Long. For the purpose of deciding this question, we accept as controlling a principle stated in another connection for determining whether a State is a party: " As to what is to be deemed a suit against a State, the early suggestion that the inhibition might be confined to those in which the State was a party to the record (*Osborn* v. *United States Bank,* 9 Wheat. 738, 846, 850, 857) has long since been abandoned, and it is now established that the question is to be determined not by the mere names of the titular parties but by the essential nature and effect of the proceeding, as it appears from the entire record." *Ex parte State of New York,* 256 U. S. 490, 500.

This confessedly is an action to collect a tax assessed under the statutes of this Commonwealth. The attempt is made to enforce it according to the statutes of this Commonwealth. The question, who is entitled to bring action to collect such a tax, depends upon the interpretation of the statutes of this Commonwealth. The collection of income taxes under our statutes is governed by G. L. c. 62, § 41, as amended by St. 1923, c. 287, § 3: " If a tax assessed under this chapter remains unpaid after the expiration of fourteen days from the date when due, interest at the rate of six per cent per annum from the due date shall be added to and become part of the tax. The commissioner, and the income tax assessors in their respective districts, shall have for the collection of taxes assessed under this chapter all the remedies provided by chap-

ter sixty for the collection of taxes on personal estate by collectors of taxes of towns, and shall be allowed charges and fees as therein provided. Any action of contract brought to recover any such tax shall be brought in the name of the Commonwealth." The express words of the statute are that actions to collect such taxes shall be brought in the name of the Commonwealth. That requirement of the statute but conforms to the nature of income taxation under our statutes. The income tax is a State tax. It is levied, collected and disbursed by State officers. The entire proceeds of the tax find their way into the treasury of the Commonwealth and are disbursed exclusively for public uses. *Duffy* v. *Treasurer & Receiver General,* 234 Mass. 42, 47.

The Commonwealth is named as party to this action. Its name alone is in the writ and caption. It is not a mere nominal party. It is the real party in interest. No one else has any interest in the outcome of the action. It is difficult to conceive of any administrative or executive subject in which the Commonwealth is more deeply or more directly concerned than the collection of the income and other State taxes. We do not deem it necessary to go through the statutes with meticulous detail to demonstrate that the State has a primary, intimate and inherently essential relation to the collection of this tax. The gain therefrom is the gain of the Commonwealth alone. Loss from failure to collect is loss to the Commonwealth alone.

Proceedings for abatement of income taxes or for recovery of such taxes unlawfully exacted, although brought by mandate of G. L. c. 62, §§ 43, 47, against the commissioner of corporations and taxation, are in substance and effect against the Commonwealth. No judgment or decree in ordinary form is made up and no execution runs against him. He is so wholly a representative of the Commonwealth that, in case of change in the person holding the office during the pendency of the proceedings, no amendment is necessary to substitute his successor as party. All this was decided in *Raymer* v. *Tax Commissioner,* 239 Mass. 410. If abatements are granted, repayment is made directly by the Treasurer and Receiver General from the treasury of the Common-

wealth. G. L. c. 62, §§ 43, 45, 47; and costs of suit in case the Commonwealth is defeated are paid in like manner out of the State treasury, § 47.

The levying and collection of taxes is the exercise of one of the highest and most essential attributes of a sovereign power. Taxes cannot be collected except by order of the supreme power of the State. They can be collected only for the benefit of the State. When the Commonwealth in the exercise of this sovereign power has declared that the rights it alone had power to create shall be enforced in its name alone, it hardly seems open to debate that the Commonwealth is the sole party in interest to an action to collect a tax.

It is wide of the mark to say that on the averments of this petition for removal the tax cannot be lawfully collected. That has no relevancy to the question whether the Commonwealth is the sole party plaintiff interested in the decision of that question. In *Postal Telegraph Cable Co.* v. *Alabama*, 155 U. S. 482, 487, occurs this: " A State is not a citizen. And, under the Judiciary Acts of the United States, it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States; and that the Circuit Court of the United States has no jurisdiction of it, unless it arises under the Constitution, laws or treaties of the United States. *Ames* v. *Kansas*, 111 U. S. 449; *Stone* v. *South Carolina*, 117 U. S. 430; *Germania Ins. Co.* v. *Wisconsin*, 119 U. S. 473. It is equally well settled that under the provisions, above referred to, of the existing act of Congress, no suit can be removed by a defendant from a State court into the Circuit Court of the United States, as one arising under the Constitution, laws or treaties of the United States, unless the fact that it so arises appears by the plaintiff's statement of his own claim; and that a deficiency in his statement, in this respect, cannot be supplied by allegations in the petition for removal, or in subsequent pleadings in the case. *Tennessee* v. *Bank of Commerce*, 152 U. S. 454; *Chappell* v. *Waterworth, ante*, [155 U. S.] 102."

A suit in equity to restrain a State officer from executing an unconstitutional statute to the irreparable damage of the plaintiff's rights is not a suit against the State but against

individuals acting outside the zone of their lawful authority and hence not protected by any immunity. *Ex parte Young,* 209 U. S. 123, 150, 155. *Greene* v. *Louisville & Interurban Railroad,* 244 U. S. 499, 506. *Greene* v. *Mayor of Fitchburg,* 219 Mass. 121. *Shuman* v. *Gilbert,* 229 Mass. 225, 227. That is a principle of general application. It is not confined to the relations of federal and State courts. Its invocation has been upheld with respect to confiscatory conduct of officers acting illegally under the pretended cloak of a valid statute. *Reagan* v. *Farmers' Loan & Trust Co.* 154 U. S. 362, 390. *Raymond* v. *Chicago Union Traction Co.* 207 U. S. 20, 38. *Hopkins* v. *Clemson Agricultural College of South Carolina,* 221 U. S. 636, 645. That principle, however, has no relevancy to the question raised on this record, where the Commonwealth is the only nominal and only real party in interest. Here "the relief sought is that which enures to it alone, and in its favor the judgment or decree, if for the plaintiff, will effectively operate." *Missouri, Kansas & Texas Railway* v. *Missouri Railroad & Warehouse Commissioners,* 183 U. S. 53, 59.

The case at bar seems to us to be governed by what is succinctly said, and by the cases cited, in *Chicago, Rock Island & Pacific Railway* v. *Nebraska,* 251 Fed. Rep. 279, 280, respecting a case removed from the State to the United States court: "The question of jurisdiction was not raised in the court below. There was no motion by the State to remand the case to the State court. The suit was for certain taxes imposed under the laws of the State of Nebraska. A State is not a citizen. *Stone* v. *South Carolina,* 117 U. S. 430. . . . *Postal Telegraph Cable Co.* v. *Alabama,* 155 U. S. 482. . . . *Arkansas* v. *Kansas & Texas Coal Co.* 183 U. S. 185. . . . *Title Guaranty Co.* v. *Allen,* 240 U. S. 136, 140. . . . Therefore the court below did not have jurisdiction by virtue of diversity of citizenship."

The case at bar seems to us distinguishable in essential particulars from *Ohio* v. *Swift & Co.* 270 Fed. Rep. 141. But if it is not, we are constrained for the reasons already stated not to follow that decision.

*Order reversed.*