JOHN M. PRINGLE *vs.* JAMES J. STORROW & others.

Norfolk.    March 22, 29, 1926. — June 30, 1926.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Jurisdiction.   Practice, Civil*, Removal to Federal court.

Upon an appeal from an order by the Superior Court allowing a petition for removal of an action there pending to the District Court of the United States for the District of Massachusetts, the court is bound by the facts set out in the petition and the record.

An alien bringing an action in a court of this Commonwealth against individuals, some of whom are citizens of this and some of other States, is not a citizen of a different State from the defendants within the meaning of the words, "citizens of different States," in the Judicial Code, 36 U. S. Sts. at Large, 1087, although he resides in one of the States of the United States.

The Judicial Code, 36 U. S. Sts. at Large, 1087, does not authorize the allowance of a petition in the Superior Court to remove to the District Court of the United States for the District of Massachusetts an action by an alien who describes himself merely as "of" a town in this Commonwealth, against several individual defendants, some of whom are citizens of Massachusetts and some of other States of the United States.

TORT OR CONTRACT.   Writ dated December 16, 1925.

Petitions, filed on January 23, 1926, and described in the opinion, for removal of the action to the District Court of the United States for the District of Massachusetts, were

allowed and accompanying bonds were approved by *Lawton,* J., on February 16, 1926. The plaintiff appealed.

*S. L. Whipple,* (*E. C. Park* with him,) for the plaintiff.

*C. F. Choate, Jr.,* for the defendants.

WAIT, J. The plaintiff appeals from orders of the Superior Court approving bonds and allowing the removal of an action to the District Court of the United States for the District of Massachusetts.

The defendants named in the writ are the eleven members of a copartnership doing business at Boston, of whom six are citizens and residents of Massachusetts; two are citizens and residents of New York; two are citizens and residents of Illinois; and one a citizen and resident of Florida. Service has been made only upon the six residents of Massachusetts.

The plaintiff describes himself in the writ as "of Weston in the County of Middlesex," and no other description appears in the record. The defendants have made appropriate special appearances for the purpose of praying removal. The writ, dated December 16, 1925, is returnable in the county of Norfolk, the residence of two of the defendants. The cause of action is contract or tort. The declaration claims damage for loss resulting from negligent and unskilful advice given by the defendants, their servants and agents, acting for the copartnership.

Three petitions for removal have been filed; one by the defendant Shaw, a citizen and resident of Massachusetts; one by the remaining defendants; and one by the citizens of New York, Illinois and Florida — all the defendants who are nonresidents of Massachusetts. An appropriate bond was filed with each petition.

It is agreed, as we understand, that, if it is the better form, the petition of defendant Shaw, although presented separately, may be taken as part of the petition of the resident and nonresident defendants. All the bonds and petitions were approved and allowed.

The view which we take upon the merits, makes it unnecessary to pass upon the technical question, whether the petition by one resident defendant, by all the nonresident defendants, or by all the defendants, resident and non-

resident, is the proper form of petition. If the action remains in the courts of Massachusetts the form of these unsuccessful petitions is not material. Should it properly have been removed, the District Court of the United States is an appropriate tribunal to determine the preferable form, upon a motion to remand.

In this proceeding we are bound by the allegations of fact of the petitions and the record. *Commonwealth* v. *Norman,* 249 Mass. 123. *Eaton* v. *Walker,* 244 Mass. 23.

There is no dispute that the plaintiff is an alien; a subject of King George V of Great Britain. Though commorant at Weston, he is not a citizen of Massachusetts. The essential question is, whether an action which might originally have been brought in the District Court of the United States can be removed thither if begun by an alien in a court of this Commonwealth. The right is purely statutory, *Gold Washing & Water Co.* v. *Keyes,* 96 U. S. 199, and can be exercised only in strict accord with the statute conferring it.

Section 28 of the Judicial Code, so far as it is material here, provides: " . . . Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district." The first clause of this section, which is not quoted, has no application here. The suit does not arise under the Constitution or laws of the United States or under any treaty. Likewise the second of the two sentences above quoted does not apply, for this suit is not "wholly between citizens of different States." The words "citizens of different States" as used in the statutes embodied in the Judicial Code, U. S. St. 1911, c. 231;

36 U. S. Sts. at Large, 1087, mean citizens of States of the United States, and do not apply to aliens who are citizens of any State other than of the United States. This is made manifest by the language of § 24 which, in dealing with the jurisdiction of the United States courts, provides specifically and separately for controversies which are between "citizens of different States" and those between "citizens of a State and foreign States, citizens, or subjects." *King* v. *Cornell,* 106 U. S. 395. *Compania Minera y Compradora de Metales Mexicana S. A.* v. *American Metal Co. Ltd.* 262 Fed. Rep. 183. *Creagh* v. *Equitable Life Assurance Society of United States,* 81 Fed. Rep. 1.

We are unable to accept the argument of the defendants, based upon language in *Iowa Lillooet Gold Mining Co. Ltd.* v. *Bliss,* 144 Fed. Rep. 446, *Barlow* v. *Chicago & Northwestern Railway,* 172 Fed. Rep. 513, *Decker, Jr. & Co.* v. *Southern Railway,* 189 Fed. Rep. 224, and *In re Hohorst,* 150 U. S. 653. In no one of these cases does the decision support the contention that an alien is within the class of "citizens of different States." There is no separate controversy here between the plaintiff and the nonresident defendants. The action is against a copartnership. All the partners are necessary parties and have a like interest. It is not made separable within the meaning of the word in this statute because the action could proceed without service on the nonresident partners and a judgment against the nonresident partners could not be enforced against them personally. *Ayres* v. *Wiswall,* 112 U. S. 187. *Chicago, Rock Island & Pacific Railway* v. *Martin,* 178 U. S. 245. *Hunter* v. *Conrad,* 85 Fed. Rep. 803, cited by the defendants, is *contra* to the weight of authority. See *Keating* v. *Pennsylvania Co.* 245 Fed. Rep. 155. *Blackburn* v. *Blackburn,* 142 Fed. Rep. 901. In *General Investment Co.* v. *Lake Shore & Michigan Southern Railway,* 260 U. S. 261, the action was removable without regard to diversity of citizenship under § 28, cl. 1, which imposes no restriction upon removal based upon residence; and the decision is not authority that a nonresident defendant can remove an inseparable controversy where a resident

defendant is also a party, and where the jurisdiction of the United States court rests upon diversity of citizenship.

The action falls within the scope of the first sentence of the above quotation from the Judicial Code, which authorizes a removal "by the defendant or defendants therein, being nonresidents of that State." The defendants contend that this authorizes the removal by one nonresident defendant of an action in which residents and nonresidents are joined as defendants. There can be no doubt that were the sole defendant a resident, he would have no right of removal. *Ayres* v. *Wiswall, supra.* Equally clearly, if all the defendants were nonresidents they would have the right to remove: *Clark* v. *Wells,* 203 U. S. 164. But where residents and nonresidents both are joined as defendants, the rule so long established, that the court will deal with the entire list of defendants as an entity and, if one among them is a resident, treat them all as residents for purposes of jurisdiction, controls. See *Cochran* v. *Montgomery County,* 199 U. S. 260. *General Investment Co.* v. *Lake Shore & Michigan Southern Railway, supra.*

The defendants admit that, if the plaintiff were a citizen of Massachusetts, there could be no removal under this clause, since the necessary diversity of citizenship would not exist. They complain that he is seeking to establish such a situation by a collusive allegation that he is of Weston in the county of Middlesex. Their difficulty is that he makes no allegation of citizenship; and is, in fact, an alien. Although an alien, as a plaintiff he has the right to bring suit either in the State courts or in the courts of the United States; and he can be deprived of his chosen forum in the State court only if the statutes of the United States so authorize. His reasons for the choice of the forum are not material.

It results that the orders accepting the bonds and petitions were erroneous.

*Orders reversed.*