LAWRENCE TRUST COMPANY *vs.* CHASE SECURITIES CORPORATION.

WESTERN MASSACHUSETTS BANK AND TRUST COMPANY *vs.* SAME.

PLYMOUTH COUNTY TRUST COMPANY *vs.* SAME.

Essex. Hampden. Plymouth. November 15, 1935. — November 25, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Practice, Civil,* Removal to Federal court, Appeal, Parties. *Jurisdiction. Trust Company,* In liquidation. *Commissioner of Banks.*

An appeal lies to this court from an order in the Superior Court for the removal of an action to the District Court of the United States.

State courts, though they must accept as true the allegations of fact in a petition for removal of an action to the District Court of the United States, need not surrender jurisdiction of the action unless and until they have determined as matter of law upon the face of the record that the action is removable.

Statement by RUGG, C.J., as to the effect of the commissioner of banks taking possession of a trust company under G. L. (Ter. Ed.) c. 167, and his functions while in possession.

An action brought in the name of a trust company by the commissioner of banks in possession thereof under G. L. (Ter. Ed.) c. 167, is not in substance an action by the Commonwealth and is not excepted on that ground from the application of the Federal statute as to removal of actions to the Federal courts for diversity of citizenship.

THREE ACTIONS OF CONTRACT OR TORT. Writs dated July 15, 1935.

The orders described in the opinion were entered in the Superior Court by *Gray,* J., in the first and third actions and by *Broadhurst,* J., in the second action.

*F. L. Simpson, (D. J. Cohen & J. A. Scolponeti* with him,) for the plaintiffs.

*M. Jenckes, (R. Donaldson* with him,) for the defendant.

RUGG, C.J.   The writ in each of these actions, sued out of the Superior Court, is brought in the name of a banking corporation organized under the laws of this Commonwealth against the Chase Securities Corporation, now known as Amerex Holding Corporation, organized under the laws of the State of New York.   Each cause of action is described as contract or tort.   Each plaintiff is stated, in the writ or declaration or both, to be in the possession of Henry H. Pierce, commissioner of banks for this Commonwealth.   The defendant in each action seasonably filed a petition under §§ 28, 29 of the Judicial Code of the United States (U. S. C. A., Title 28, §§ 71, 72), that the case be removed to the District Court of the United States for the District of Massachusetts because the action was of a civil nature, the amount in dispute exceeded $3,000 exclusive of interest and costs and the plaintiff and the defendant were citizens and residents of different States, and that the bond filed therewith be accepted as good and sufficient.   In each case an order was entered accepting the petition and bond and in substance allowing or directing the removal of the case to the District Court of the United States, and the plaintiff appealed to this court.

The appeals are rightly before us.   *Ellis* v. *Atlantic & Pacific Railroad,* 134 Mass. 338.   *Long* v. *Quinn Bros. Inc.* 215 Mass. 85, 86.   *Munnss* v. *American Agricultural Chemical Co.* 216 Mass. ·423, 424.   *Commonwealth* v. *Norman,* 249 Mass. 123, 126.

The plaintiffs raise no question as to form or seasonableness of the petition for removal, the sufficiency of the bond, or the jurisdictional amount involved.   The single contention presented in behalf of each plaintiff is that the case is not subject to removal because it is in its essential nature and effect an action brought by the Commonwealth through one of its administrative officers and, as the Commonwealth is not considered a citizen within the meaning of the removal statute, the petition for removal on the ground of

diversity of citizenship fails in law. If that contention is sound, the cases are not removable. *Commonwealth v. Norman,* 249 Mass. 123, 127. *Stone v. South Carolina,* 117 U. S. 430, 433. *Title Guaranty & Surety Co.* v. *Allen,* 240 U. S. 136, 140. *Lankford v. Platte Iron Works Co.* 235 U. S. 461. *Puerto Rico v. Russell & Co.* 288 U. S. 476, 484. *City Bank Farmers Trust Co.* v. *Schnader,* 291 U. S. 24, 29.

On a petition for removal all issues of fact must be tried in the Federal court, as well those relating to the removability of the cause as those touching the merits of the cause. The State court is without jurisdiction in that particular but must accept as true in determining whether to surrender jurisdiction the allegations of fact set forth in the petition. *Burlington, Cedar Rapids & Northern Railway v. Dunn,* 122 U. S. 513, 515–516. *Kansas City, Fort Scott & Memphis Railroad v. Daughtry,* 138 U. S. 298, 303. *Chesapeake & Ohio Railway v. Cockrell,* 232 U. S. 146, 154.

It is, however, "well settled that if, upon the face of the record, including the petition for removal, a suit does not appear to be a removable one, then the state court is not bound to surrender its jurisdiction, and may proceed as if no application for removal had been made." *Madisonville Traction Co. v. St. Bernard Mining Co.* 196 U. S. 239, 245. *Stone v. South Carolina,* 117 U. S. 430, 432. *Oakley v. Goodnow,* 118 U. S. 43. *Kimball v. Evans,* 93 U. S. 320. *Southern Railway v. Lloyd,* 239 U. S. 496. *Chesapeake & Ohio Railway v. Cockrell,* 232 U. S. 146. *Great Northern Railway v. Alexander,* 246 U. S. 276. There is nothing contrary to this proposition in *Chesapeake & Ohio Railway v. McCabe,* 213 U. S. 207.

It has been the practice and held to be the duty of this court in cases properly brought before it, to consider and decide whether as matter of law a cause for removal is made on the face of the record, of course subject to review by the Supreme Court of the United States. That was adjudicated in *Stone v. Sargent,* 129 Mass. 503, in an exhaustive opinion by Chief Justice Gray speaking for the court, wherein all the pertinent and authoritative decisions previously rendered were reviewed. It was there said at page

508: "This court has uniformly held that any court of the Commonwealth, before declining the further exercise of jurisdiction over a cause, must consider and determine whether, upon the record and papers before it, the petitioner has brought himself within the acts of Congress." Similar procedure was followed in *Duff* v. *Hildreth*, 183 Mass. 440, where the opinion of the court was delivered by Chief Justice Knowlton. To the same effect are *Broadway National Bank* v. *Adams*, 130 Mass. 431, *Danvers Savings Bank* v. *Thompson*, 130 Mass. 490, *Ellis* v. *Atlantic & Pacific Railroad*, 134 Mass. 338, *Long* v. *Quinn Bros. Inc.* 215 Mass. 85, 86, *Munnss* v. *American Agricultural Chemical Co.* 216 Mass. 423, 424, *Booki* v. *Pullman Co.* 220 Mass. 71, *Eaton* v. *Walker*, 244 Mass. 23, 27, *Commonwealth* v. *Norman*, 249 Mass. 123, 127, *Mahoney* v. *Emergency Fleet Corp.* 253 Mass. 234, 236, and *Pringle* v. *Storrow*, 256 Mass. 561. See also *Tapley* v. *Martin*, 116 Mass. 275, 276.

The State is not named as a party in the present actions. In each, the trust company is described as the party plaintiff with the additional statement that it is in the possession of the commissioner of banks. The statutes of the Commonwealth have created that office, have regulated in detail the right of its holder to take possession of trust companies, and have enumerated his powers after having taken such possession. The court takes judicial notice of these public laws. No evidence touching them is required. The allegations set forth on the record in the light of these governing statutes reveal the question of law here involved without proof.

Every presumption is in favor of legality. *Duffy* v. *Treasurer & Receiver General*, 234 Mass. 42, 50. *Hall* v. *Barton*, 290 Mass. 476, 480. *Korbly* v. *Springfield Institution for Savings*, 245 U. S. 330, 336. It must be assumed that the commissioner of banks, pursuant to the statutes, is regularly and lawfully in possession of each of the trust companies here named.

The question whether the State is the real party plaintiff in each case must be determined in accordance with essential and underlying principles and not upon surface

appearances. Mere nomenclature may not be decisive. The governing statutes empowering the commissioner of banks to take possession of and to liquidate trust companies are in G. L. (Ter. Ed.) c. 167, §§ 22–36. They comprehend under the general term "bank," savings banks, coöperative banks, trust companies and other persons, partnerships, associations and corporations subject to the supervision of the commissioner of banks. By § 22, he may take possession of the property and business of any bank when satisfied of the existence of specified conditions which have a tendency to indicate that its business cannot be conducted by it longer with safety to the public. (*Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 112.) Provision is made by § 23 for notice to interested parties and for permitting resumption of business by the bank with his consent upon conditions which include payment of certain expenses incurred in prosecuting or defending suits from the funds of the bank. By § 24, power is conferred to collect debts and claims due the bank, to enforce the liabilities of stockholders, and to liquidate the affairs of the bank. By § 25, he is authorized in the name of the bank to prosecute and defend all suits and to execute all instruments necessary to effectuate any sale or lease of real or personal property, or any compromise. By § 26, he is empowered to appoint agents and assistants. By § 27, he is required to make and file inventories. Notice and proof of claims are regulated by § 28. Filing of lists of claims presented, including such as have been rejected, is required by § 29. Payment of compensation of agents, counsel and employees, and all expenses of liquidation out of the funds of the bank is governed by § 30. Payment of dividends and disposition of objections to claims are regulated by §§ 31 and 31A. Disposition of chattels, valuable papers and other property deposited with the bank is prescribed by § 32. By § 33, provision is made for injunction against the commissioner of banks on the application of the bank. Procedure, after payment in full to all depositors and creditors and of all expenses of liquidation, for making distribution among stockholders is established by § 34. The disposition of unclaimed funds

remaining in his hands after liquidation, including payment to the State treasurer, is governed by § 35. The destruction of certain books, papers and records is authorized by § 35A. By § 36, jurisdiction in equity to enforce all these provisions is conferred on the Supreme Judicial Court. Many of these acts in the course of liquidation can be done only after leave granted or subject to approval by the court.

The statutes thus outlined provide a comprehensive scheme of administration and course of procedure when, for the public welfare and in the performance of his duties, the commissioner of banks intervenes in the conduct of a trust company and takes possession of its property and business. *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 250. *Vigilante* v. *Old South Trust Co.* 251 Mass. 385, 387. The commissioner of banks acts in this connection, not as a receiver appointed by the court nor as an agent or representative of the trust company, but as an executive or administrative officer carrying out a legislative policy. The corporate existence of the trust company is not thereby terminated but continues as a distinct entity. It may be subject to suits and actions in appropriate instances; it may possibly resume the normal conduct of its corporate functions. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 118. *Towle* v. *Commissioner of Banks*, 246 Mass. 161, 168. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334, 344. *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills*, 247 Mass. 530, 536. The business and property of each such trust company are segregated and kept apart from those of all others. There is no public guaranty of deposits or of other debts. Nothing is received into or paid out of the public treasury on account of such trust company. The property and business of each such trust company are held for preservation against further loss and for ultimate distribution among creditors, depositors and stockholders. They constitute a trust fund subject strictly to the terms of the statutes, the provisions of law, and general principles of equity as to the distribution of the property of a trust company presumably insolvent. *Commonwealth* v.

*Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 252. *Commissioner of Banks* v. *Cosmopolitan Trust Co.* 247 Mass. 334. *Cunningham* v. *Commissioner of Banks,* 249 Mass. 401.

It has been held repeatedly that the commissioner of banks is a public officer performing duties imposed on him by the law, exercising visitatorial powers, and charged with rigid examination of the affairs of trust companies. *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 247. *Cosmopolitan Trust Co.* v. *S. L. Agoos Tanning Co.* 245 Mass. 69, 74. *Commissioner of Banks* v. *Highland Trust Co.* 283 Mass. 71.

There is no provision of the statute which vests title to the property of a trust company in the commissioner of banks or in the Commonwealth. The commissioner of banks is simply authorized to take possession of its business and property. Title to that business and property is not changed. The moneys held or to be collected by the commissioner of banks do not belong to the Commonwealth. They are in the possession of the commissioner of banks for specified purposes connected with the liquidation of the trust company. The commissioner of banks is empowered to bring certain suits in his own name. But commonly the actions have been brought in the name of the trust company. So far as we are aware, no actions concerning the affairs of a closed trust company have been brought in the name of the Commonwealth except such as directly concerned the public treasury in an adversary proceeding. It is unnecessary to consider cases under earlier and different statutes where proceedings have been instituted in the name of the Commonwealth. See *Commonwealth* v. *Farmers & Mechanics Bank,* 21 Pick. 542, *Commonwealth* v. *Phoenix Bank,* 11 Met. 129, *Commonwealth* v. *Bank of Mutual Redemption,* 4 Allen, 1, *Commonwealth* v. *Massachusetts Mutual Fire Ins. Co.* 112 Mass. 116.

This analysis of the duties and functions of the bank commissioner with reference to trust companies of whose property and business he has taken possession pursuant to the governing statute brings the cases at bar within controlling

decisions.  The question whether a suit otherwise within
the sweep of the removal statute (Judicial Code, §§ 28, 29,
U. S. C. A. Title 28, §§ 71, 72) is not removable because a
State is the party plaintiff, is a Federal question as to which
adjudications of the Supreme Court of the United States
are authoritative and must be followed by this court.  In
*Reagan* v. *Farmers' Loan & Trust Co.* 154 U. S. 362, at
page 390, it was said of a contention like that here urged,
and upon similar facts: "So far from the State being the
only real party in interest, and upon whom alone the judg-
ment effectively operates, it has in a pecuniary sense no
interest at all. . . . There is a sense, doubtless, in which
it may be said that the State is interested in the question,
but only a governmental sense.  It is interested in the well-
being of its citizens, in the just and equal enforcement of
all its laws; but such governmental interest is not the pe-
cuniary interest which causes it to bear the burden of an
adverse judgment.  Not a dollar will be taken from the
treasury of the State, no pecuniary obligation of it will be
enforced, none of its property affected by any decree which
may be rendered."  The contention that the State although
not the nominal is in fact the real party plaintiff, can be
supported in cases where "it may be fairly held that the
State is such real party when the relief sought is that which
enures to it alone, and in its favor the judgment or decree,
if for the plaintiff, will effectively operate."  *Missouri,
Kansas & Texas Railway* v. *Missouri Railroad & Ware-
house Commissioners*, 183 U. S. 53, 59.  To the same effect
is *Allen* v. *United States*, 285 Fed. Rep. (C. C. A.) 678, 682.
See also *Title Guaranty & Surety Co.* v. *Allen*, 240 U. S.
136, *Relfe* v. *Rundle*, 103 U. S. 222, *MacDonald* v. *Guy*,
63 Fed. Rep. (2d) (C. C. A.) 334, *Porter* v. *Beha*, 12 Fed.
Rep. (2d) (C. C. A.) 513, 517, *Metropolitan Savings Bank
& Trust Co.* v. *Farmers' State Bank*, 20 Fed. Rep. (2d)
(C. C. A.) 775.

The cases at bar are quite distinguishable from *Lankford*
v. *Platte Iron Works Co.* 235 U. S. 461, where title to the
funds in question was vested in the State and the adminis-
tration and distribution of the funds were assumed as a

function of the State. To the same class belongs *Hertz* v. *Knudson*, 6 Fed. Rep. (2d) (C. C. A.) 812, 816.

The Commonwealth might have assumed a position of ownership of the assets of closed trust companies. But in our opinion the statutes here involved do not go quite to that extent. We think, therefore, that the cases at bar fall within the scope of the removal statute.

In each case the entry may be

*Order affirmed.*